## COUNTIES OF BIBB AND CRAWFORD *v.* DORSEY.

The act of December 29, 1888, on the subject of county bridges (Acts of 1888, p. 39) is not applicable to any county bridge erected before the passage of the act, and under the prior law the counties were not liable in cases like the one embraced in the record.

August 1, 1892.                                        *Judgment reversed.*

Counties. Bridges. Statutes. Before Judge Ross. City court of Macon. June term, 1891.

Dorsey brought his action against Bibb and Crawford counties, for damages from the falling of a public bridge whereby he sustained personal injuries, and recovered a verdict for $340. A new trial was denied, and the defendants excepted. The evidence discloses, among others, the following facts: The injury occurred on August 16, 1890. The bridge was over a creek which is the line between the two counties. It was built about nine years previously, not under contract and not under bond. It fell because it was rotten. A sleeper had been taken out of it a few days before, and used in the construction of a new bridge a few feet distant, which was being built by the counties because of the bad condition of the old one. Some repairs had been made on the old bridge about a year before, and paid for by Crawford county.

R. K. HINES and HARDEMAN & NOTTINGHAM, for plaintiffs in error.

L. D. MOORE, by brief, *contra.*

---

## AKIN *v.* FEAGIN.

On the facts in evidence, the court did not err in granting a nonsuit.                                        *Judgment affirmed.*

August 1, 1892.

Evidence. Nonsuit. Before Judge MARTIN. Houston superior court. October term, 1891.