## Mappin v. The County of Washington.

1. It being alleged in the declaration that the county bridge in question was erected under a contract of letting to the lowest bidder on May 12th, 1888, the act of December 29th, 1888, on the subject of county bridges, does not apply.
2. Though it was the legal duty of the county authorities to take from the contractor for erecting a county bridge bond and good security to keep the bridge in good repair for at least seven years, yet where the bond and security required and taken limited the period to three years, this, nothing to the contrary appearing or being alleged, may be treated as a " sufficient guarantee" contemplated by section 691 of the code, so as to exempt the county from liability for damages sustained within such period of three years by one who in crossing the bridge was injured in consequence of its defective condition or want of repairs, the bond taken being such as section 670 of the code specifies, and failing to conform to section 671 only as to length of time for keeping the bridge in good repair.

June 5, 1893.

Action for damages. Before Judge JENKINS. Washington superior court. September term, 1892.

The declaration alleged, that the county caused to be erected a bridge at a named point across a certain creek, so negligently that a necessary railing to prevent persons using. the bridge from driving or backing off its sides into the creek, had never been put into position, or had been so carelessly managed as to be allowed to get out of repair and be broken and removed, of which defect defendant had notice. It was a public bridge erected by letting it out to the lowest bidder on May 12, 1888, and a bond was taken from the contractor faithfully to perform his contract and indemnify for all damages occasioned by a failure so to do, and to keep the bridge in good repair for three years. The conditions of the bond prescribed by law as to the maintenance of the bridge for seven years, in accordance with the act of 1888, were violated; and the bridge was not

kept in repair, either by the contractor or by the county authorities. On March 5, 1891, plaintiff was lawfully on the bridge driving a horse to a buggy, when, in consequence of the defect mentioned, she and the horse and buggy were dropped over the side of the bridge into the creek, whereby she was damaged, etc. Written demand was made within twelve months on the ordinary for the payment of her claim.

On demurrer the action was dismissed.

JORDAN & TYSON, by HINES, SHUBRICK & FELDER, for plaintiff. HARRIS & RAWLINGS, for defendant.

SIMMONS, Justice.

1. Before the passage of the act of 1888 (Acts of 1888, p. 39) counties were not primarily liable for injuries received from defects in bridges, where they had taken bond as required by law from the contractor who constructed the bridge. It appearing from the record that the county bridge in question was erected under a contract of letting to the lowest bidder on May 12th, 1888, the act above mentioned making counties primarily liable did not apply to this case, that act not having been approved until the 29th of December, 1888. It was expressly held by this court in *Bibb County* v. *Dorsey,* 90 *Ga.* 72, 15 S. E. Rep. 647, that this act did not apply to bridges which had been let out and built before the passage thereof.

2. The code makes it the legal duty of county authorities, when they let out a bridge to be built by the lowest bidder, to take from the contractor a bond and good security to keep the bridge in good repair for at least seven years. The bond taken in this case was for the term of only three years. Why the county authorities did not make the term seven years, as required by section 671 of the code, is unexplained by the record. The injury to the plaintiff occurred before the expira-

tion of the bond given, and therefore the contractor, and not the county, was primarily liable to the plaintiff. If the injury had been received after the expiration of the three years for which the bond was given, it is quite likely the county would have been liable, as in that event the county should be treated as having taken no bond at all. Code, §691. But inasmuch as the county took a bond for the term of three years, during which time the injury occurred, the bond taken may be taken as a "sufficient guarantee" contemplated by the code, so as to exempt the county from liability for damages sustained during that period by one injured in consequence of the defective condition or want of repair of the bridge. The bond being such as is contemplated by section 670 of the code, and failing to conform to section 671 only as to the length of time for keeping the bridge in good repair, and being a sufficient protection to persons injured prior to its expiration, the plaintiff should have sued the contractor, and not the county.

*Judgment affirmed.*