### GRIFFIN *et al. v.* HENDERSON, executor.

1. A court of equity has no jurisdiction to grant relief to an administrator who, expressly waiving discovery, seeks the appointment of a receiver and an accounting from persons alleged to have in their possession property of the estate, when he does not allege that the defendants are insolvent or the threatened injury irreparable, and when, with the exception of certain specified bonds, the administrator does not allege what is the character, amount, or value of the property in the defendants' hands.
2. Such a petition, brought against two defendants who are not alleged to hold any of the property in common or to have acquired it in the same way, is multifarious, and bad for a misjoinder of parties defendant.

Argued June 30, — Decided August 9, 1902.

Injunction and receiver.   Before Judge Candler.   Newton superior court.   June 20, 1902.

*Brown & Randolph* and *Spencer R. Atkinson,* for plaintiffs in error.   *J. M. Pace* and *Foster & Butler,* contra.

SIMMONS, C. J.   An equitable petition was brought in the county of Newton by Henderson against Mrs. Griffin of that county, and H. H. Brown of the county of Fulton.   From this petition it appears that Mrs. Amelia C. Brown, mother of Mrs. Griffin, had died testate, leaving considerable property, consisting largely of money, stocks, bonds, and choses in action.   By her will she made certain bequests and left to Mrs. Griffin a life-estate in the residuum of her property, with remainder over to Mrs. Griffin's children, if she should have any.   Henderson was nominated executor, and was also made testamentary trustee for Mrs. Griffin.   The will was offered for probate in solemn form, but its probate was contested and is still in litigation.   At the time of her death Mrs. Brown was executrix of the will of her deceased husband, Dr. William Brown. Her estate and so much of the estate of Dr. William Brown as was in her possession unadministered is now in the hands of the defendants.   The petitioner does not know what part of the estate is in the hands of either of the defendants, except that H. H. Brown has, as Mrs. Brown's broker, disposed of certain stocks or bonds for the sum of $16,250, and has invested most of the proceeds in certain described bonds which are now in his hands, as is also $3,800 or $4,000 in money.   Petitioner is entitled to the possession and custody of the assets of both estates, and the character and value of

such assets should be ascertained. Defendants are colluding and confederating together to prevent petitioner from ascertaining of what the assets consist, and from acquiring possession and custody of the assets. Brown not only refuses to turn over the property in his hands, but speaks of paying certain lawyer's fees out of it for pretended services to him concerning such property. Mrs. Griffin is deliberately concealing from him what part of the property is in her possession and of what such property consists, and states that she has been advised to destroy papers in her possession, though what such papers are petitioner does not know. Expressly waiving discovery, the petition prays that the defendants be restrained from disposing of any of the assets of the estates; that a receiver be appointed to take charge of such assets; that the defendants be commanded to deliver to the receiver all the assets and papers of the estates in their control, and give the receiver all information they may have as to the character, custody, and whereabouts of such assets as are not in their control; and for general relief. Upon this petition a rule nisi issued. The defendants, answering separately, for cause showed, among other things, that the petitioner has an adequate remedy at law; that the allegations of the petition are not sufficient to give jurisdiction to a court of equity; that the petition is multifarious, in that distinct causes of action against each defendant are joined with distinct and separate causes of action against the codefendant, without any reason for the misjoinder; that the petition does not show any privity between the defendants as to any wrongful act alleged to have been committed by either; and that there is a misjoinder of parties defendant. Upon the interlocutory hearing, at chambers, the judge passed an order enjoining the defendants as prayed, ordering Brown to collect the interest on the bonds in his hands and deposit it and the money of the estates in his possession in a designated bank from which it should not be drawn out except upon order of the court, and appointing a receiver to take charge of all the property of the estates in the hands of Mrs. Griffin. To this order the defendants excepted.

1. The petition does not allege that either of the defendants is insolvent, or that an irreparable injury is threatened, nor does it show any other reason for the interposition of a court of equity. If injury should be done, compensation could be had, so far as appears, in an action at law. For the recovery of the property the

remedy at law would seem to be fully adequate, unless the petitioner is without sufficient information; and discovery is not prayed in the present petition. The present proceeding seems to have been brought to extort from the defendants, by means of a decree and the appointment of a receiver, information as to the character, value, and custody of the property claimed; and yet the petition expressly waived discovery, and thus did not invoke the exercise of the equitable powers of the court as to the very matter on which the jurisdiction of a court of equity is in such cases usually based. There are no mutual demands, and discovery is waived; and therefore equity can not take jurisdiction as for an accounting, although it appears that the petitioner does not know the character or amount of his claims. See 1 Story's Eq. Jur. (13th ed.) §§ 458– 459. If the petitioner did not wish to sue at law to recover the property, because of his lack of information in regard to it, he should have sought discovery. Had the petition been otherwise without defect, this would probably have given the court jurisdiction to go further and decree an accounting and afford proper relief. Inasmuch as no discovery is prayed, there is no necessity for the exercise of any purely equitable powers of the court. There was, therefore, no jurisdiction in a court of equity to entertain this petition or to grant any relief thereon.

2. Nor does the petition show any reason for joining these defendants in a single action. While each is alleged to have property belonging to the estates petitioner represents, it does not appear that they hold any of this property in common; and while petitioner sets up the same rights to the possession of the property in the hands of each, he does not allege that they acquired it in the same way or under the same claim to its possession. He does allege that they are confederating together to conceal information from him, and also that Brown refuses to surrender the property in his hands, because he has been notified to do so by counsel for his codefendant; but the petition does not seek to gain the information by a prayer for discovery, nor would the reason assigned by Brown avail him in an action at law by the petitioner for the recovery of the property. The allegations of collusion, confederation, and fraud are not sufficiently definite, nor are the matters as to which they are alleged sufficiently essential to the petition to give the court jurisdiction or to justify the joining of the defendants in

one action.   For these reasons we think there is nothing in the petition to justify the interposition of a court of equity or the exercise of the equitable powers of the court; that the petitioner's remedy at law is plain, adequate, and complete; that the petition is multifarious; and that there is a misjoinder of parties defendant.   We must accordingly reverse the judgment of the court below, as it was error to grant any of the equitable relief prayed.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*