# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1902.

---

### SEYMORE *v.* ELBERT COUNTY.

A declaration which asserts a primary liability on the part of a county because of injuries to live stock, alleged to have been due to the defective condition of a bridge over a gully or gulch, and which does not allege that the bridge was a public bridge and that it was erected after the passage of the act approved December 29, 1888, was properly dismissed on demurrer.

Argued October 6, — Decided October 29, 1902.

Action for damages. Before Judge Proffitt. City court of Elberton. February 12, 1902.

*J. N. Worley,* for plaintiff. *W. D. Tutt & Son,* for defendant.

ADAMS, J. Seymore sued the County of Elbert, upon the ground that his live stock and wagon were injured because of the defective condition of a bridge built over and across a gully or gulch in that county. His petition was dismissed on demurrer, and a writ of error is filed to the judgment of the court sustaining the demurrer. The petition alleges a primary liability against the county. The allegations in the declaration are, that petitioner's wagon was being driven along a public road in the county, which road the county worked, repaired, and used as one of its public roads, and across which it built a bridge 18 feet long, so as to span a gully or gulch 18 feet wide crossing said road. It is nowhere stated that the bridge was a public bridge, or that it was erected after the passage of the act approved December 29, 1888 (Acts 1888, p. 39). "A county is not liable to a suit for any cause of action unless made so by statute." Pol. Code, § 341. " The county,

being a political division of the State, is not liable to be sued, unless special authority can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies to bring suit." *Millwood* v. *DeKalb County*, 106 *Ga.* 747. In view of these principles, the declaration in this case ought to have distinctly and clearly shown that the bridge complained of was a public bridge within the meaning of the law. Furthermore, as held by this court in the case of *Counties of Bibb and Crawford* v. *Dorsey*, 90 *Ga.* 72, and in subsequent cases, the act approved December 29, 1888, the passage of which was essential to any recovery against a county in the first instance, is not applicable to any county bridge erected before the passage of that act. This being true, there could be no liability set forth in the petition without an allegation that the bridge was erected after the passage of that act. For both of the reasons indicated, the petition was fatally defective and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*