### WESTBROOK *v.* BALDWIN COUNTY.

FISH, P. J. There being evidence from which the jury could have found that the change in the public road was made under the authority of the officers of the county who were empowered by law to do the work complained of, that the plaintiff's land abutting on the road was damaged by such change, and that plaintiff made proper demand on the county for the damages claimed, the granting of a nonsuit was erroneous. *Roughton* v. *Atlanta*, 113 *Ga.* 948, and cit. *Judgment reversed. All the Justices concur.*

Argued November 28, — Decided December 10, 1904.

Action for damages. Before Judge Lewis. Baldwin superior court. July 12, 1904.

The suit was on account of injury to fertile bottom land by causing it to be sanded and overflowed with water. A creek ran through the land and crossed a public road that ran by it. Before the work complained of, travelers on the road forded the creek.

The work consisted in raising the bed of the stream by putting stones therein, one result being that the plaintiff's land was not drained as before, and was rendered largely unfit for cultivation. The work was done by a force of laborers under the direction of one Ivey, to whom the county commissioners had given general authority to improve the public roads, it being left to his discretion what improvements should be made, though he did not have unlimited authority to do as he pleased. He had entire authority over roads. He conferred with the county commissioners frequently. The work at the creek was done over the objections and protests of the plaintiff, who thereupon brought the matter to the attention of the chairman of the board of county commissioners, and showed him the place where the work was done. The chairman said nothing by way of approval or disapproval. He testified that he supposed the commissioners ratified this as much as any work done for the benefit of the county, but that there was no ratification of this work except by acquiescence. Ivey testified that the commissioners did not specially authorize him to remedy this particular place; he did that in the exercise of his own judgment. There was testimony as to the extent of the damage. A nonsuit was granted, and the plaintiff excepted.

*Allen & Pottle*, for plaintiff, cited Acts 1888, p. 287; Acts 1890–91, p. 135; Acts 1897, p. 34; Pol. Code, §§ 573–583; 109 *Ga.* 386; Civil Code, §§ 3019, 3820; 113 *Ga.* 294.

*D. B. & D. S. Sanford* and *Hines & Vinson*, for defendant, cited Pol. Code, §§ 341, 514; *Ga. R.* 115/348, 768; 116/25, 371; 117/892; 111/314; 106/747; 81/47; 79/127.