## TERRELL COUNTY *v.* YORK.

1. When a county, in the exercise of its corporate powers, appropriates land of an individual for the purpose of widening a public road, and as a result the premises of the owner are rendered less valuable, he is entitled to just compensation for the land so taken, and also for the injury thus sustained; the measure of damages for the latter injury being the diminution in the market value of his property.

2. A county, however, is not in such case liable in damages for tortious acts of its officers and servant which are not proximately connected with the work incident to the making of the public improvement.

3. A petition, in an action of the character indicated in the preceding notes, which alleges that the work was done by the superintendent of the public roads, employed by the county under the alternative road law, and that the land was appropriated and the work was done by such superintendent and the county authorities, sufficiently alleges that the wrongs complained of were the acts of the county in its corporate capacity.

4. The petition was not subject to the general demurrer, but the special demurrers should have been sustained so far as they related to the tortious acts of the superintendent of the roads and the road hands, not proximately connected with the work incident to the making of the public improvement.

Submitted July 18,—Decided December 15, 1906.

Action for damages.　Before Judge Reagan.　Terrell superior court.　November 28, 1905.

Mrs. Emma York filed her petition to the superior court of Terrell county, alleging, in substance, that Hatcher and other named persons were residents of Terrell county, and that the county had adopted the alternative road law, as provided in the Political Code, §§ 573-583; that Hatcher was the superintendent employed by the commissioners of roads and revenues of the county, under the alternative road-law system; that the other persons named in the petition were the commissioners of roads and revenues of the county; that Hatcher and the County of Terrell had damaged plaintiff; that a claim for such damages was presented, in writing, to the county commissioners, and they refused to pay the same; that the plaintiff was the owner of a tract of land lying upon one of the public roads of the county, which was twenty feet wide; that the county had placed, under the direction and authority of Hatcher, a number of convicts, free laborers, and overseers, to be used for road-working purposes; that the road hands under Hatcher worked the road on the east side of plaintiff's land and increased the width of the road to twenty-five feet for a distance of seven hundred yards along the land of plaintiff, all of this additional five feet being taken from the land of plaintiff; "and said road, as so increased in width, is now being used by the public."　The land so appropriated to public use was not appropriated in the manner provided by law, and plaintiff has not been allowed to appear, to have her petition heard, or her damages assessed.　The road hands, under the direction of Hatcher, cut shade-trees upon the land of plaintiff, one of such trees falling upon a tenant house and remaining there for several days.　Prior to the change in the public road above referred to, the road in front of plaintiff's dwelling was smooth and firm, and there was no occasion for ditching on either side of the road. In making the change in the road it became necessary to cut down the shade-trees, and the premises of the plaintiff were defaced by ditches being dug on each side of the road, two feet deep, which is a great source of inconvenience to plaintiff in entering her premises from the public road.　"Said Hatcher and said county authorities" did the acts complained of without allowing plaintiff to be heard or her damages assessed.　The petition then alleges the value of the land taken, the value of the shade-trees, and the dam-

ages sustained on account of the digging of the ditches. Process is prayed against Hatcher and the County of Terrell. By amendment the plaintiff struck the name of Hatcher as a defendant, and also certain paragraphs of the petition which claimed punitive damages, and alleged that the shade-trees destroyed were on the five feet of land taken and appropriated by the county; and again alleged that "said five feet of land so appropriated is now being used by the public." To this petition the County of Terrell interposed a general demurrer, and various special demurrers. The demurrers were overruled, and the county excepted.

*Yeomans & Raines, Powell & Pottle,* for plaintiff in error.

*M. C. Edwards, W. H. Gurr,* contra.

COBB, P. J. (After stating the facts.) The general rule is that a county is not liable to suit unless there is a law which, in express terms or by necessary implication, so declares. *Millwood* v. *DeKalb County,* 106 *Ga.* 743, and cit. The constitution provides that private property shall not be taken or damaged for public use without just compensation being first paid. The county authorities have power, under certain circumstances, to take and damage property of the private citizens for the benefit of the public; and whenever damage results to the owner of private property from the action of such county authorities, a right of action arises in favor of the property owner, which may be enforced by suit against the county. *Barfield* v. *Macon County,* 109 *Ga.* 386. But it is essential to the maintenance of such a suit that it should appear that the acts complained of, which had the effect of taking or damaging the property, were the acts of the constituted county authorities, or, if not performed in the first instance under the sanction of such authorities, that the county authorities have ratified and approved the act of those assuming to represent them. The county authorities are not liable for the acts of a road overseer, or of a superintendent of roads, employed under the provisions of the alternative road laws, unless such road overseer or superintendent was acting under the authority of the ordinary or county commissioners, or the act of such road overseer or superintendent, in excess of his authority, was thereafter approved by such ordinary or county commissioners. *County of Bibb* v. *Reese,* 115 *Ga.* 346.

The petition alleged that the land was appropriated by Hatcher and the county authorities, and that Hatcher and the county au-

thorities did the various acts complained of. While the allegations were not as clear and as definite as they might have been, they were sufficient to show it was the intention of the pleader to charge that the wrongs complained of were committed by the county authorities, and that Hatcher was acting under their control and direction. Similar allegations were held sufficient in the case of *Barfield* v. *Macon County,* 109 *Ga.* 386. In *Westbrook* v. *Baldwin County,* 121 *Ga.* 442, it was held that evidence that the work complained of was done by laborers under the direction of one to whom the county commissioners had given general authority to improve the roads, and who had entire authority over the roads, and who conferred with the county commissioners frequently, was sufficient to withstand a nonsuit upon the ground that there was no evidence that the work had been done under the authority of the county commissioners. So far, therefore, as the petition alleged that a portion of the plaintiff's land had been actually taken by the county authorities, a cause of action was set forth which would authorize a recovery of damages against the county for the market value of the land so taken.

What has been said in reference to the taking of the land is also applicable to those allegations of the petition which relate to the ditches along the side of the road, which are alleged as a cause of action; that is to say, that under the allegations of the petition the plaintiff would be entitled to recover the value of the land which the county has appropriated, and any diminution of the market value of her remaining property brought about by the work necessary to increase the width of the public road.

But it is contended that no liability rests upon the county, growing out of the alteration of the public road, unless it appears that the road has been altered in accordance with the provisions of the Political Code, § 520 et seq., relating to application, publication, etc. These sections deal with the subject of laying out new roads and altering old roads. It is to be noted that § 523 declares that public roads, established without a substantial compliance with these provisions, are void; but there is no such provision in reference to the alteration of public roads. In *Fulton County* v. *Amorous,* 89 *Ga.* 614, it was held that the county was liable to a property owner for the land taken and used for a public road, notwithstanding the quantity so taken was in excess of that contemplated by the

order providing for the alteration in the road, when it did not appear that the road, as completed, was wider than the public necessity required, or than the county authorities, under a proper order, might have made. This ruling was followed in *Fulton County* v. *Phillips,* 91 *Ga.* 65. If the county is liable for land taken in excess of that provided for in an order passed under the authority of the sections of the code above referred to, it would seem that, for an equal reason, it would be liable for land taken in the absence of any specific order providing for the widening of the road. There was no error in overruling the general demurrer; but the special demurrers should have been so far sustained as to strike from the petition the allegations relating to the appropriation of the land actually taken, and the diminution in the market value of the plaintiff's remaining property, resulting from the alteration of the public road. *Roughton* v. *Atlanta,* 113 *Ga.* 948.

*Judgment affirmed, with direction. All the Justices concur.*