### 4108.   FLOYD COUNTY *v.* BAKER.

Where, in an action brought to recover damages against a county for injuries to live stock, alleged to have been due to the defective condition of a public bridge, the evidence failed to disclose that the bridge in question was erected after the passage of the act of December 29, 1888, creating a liability against counties upon such a cause of action, a verdict in favor of the plaintiff was unauthorized.

DECIDED MAY 22, 1912.

Action for damages; from city court of Floyd county—Judge Reece. February 22, 1912.

*W. B. Shaw,* for plaintiff in error. *Eubanks & Mebane,* contra.

POTTLE, J. The plaintiff recovered a verdict against Floyd county for injuries received by his horse, on account of a defective bridge along one of the public roads of the county. The petition does not allege, nor does the evidence disclose, when the bridge was built. The defendant's motion for a new trial was overruled.

Since a county is not liable to suit for any cause of action, unless made so by statute (Political Code (1910), § 384), prior to the act of December 29, 1888 (Political Code (1910), § 748), there was no law of this State which created a cause of action against a county in a case like the one embraced in the present record. *Counties of Bibb and Crawford* v. *Dorsey,* 90 *Ga.* 72 (15 S. E. 647). For this reason the Supreme Court held in *Seymore* v. *Elbert County,* 116 *Ga.* 371 (42 S. E. 727), that a petition asserting a liability against a county for injuries to live stock, alleged to have been due to the defective condition of a bridge, was fatally defective and set forth no cause of action, because it did not allege that the bridge was a public bridge and that it was erected after the passage of the act of 1888. This decision was reaffirmed in *Butts County* v. *Johnson,* 136 *Ga.* 354 (71 S. E. 428). The petition in the present case having been passed over without demurrer and without motion to dismiss, if the evidence had affirmatively shown that the bridge in question was a public bridge and was erected after the passage of the act of 1888, the case would have been made out.

It was admitted by counsel for the county that the bridge was a public bridge. But there were public county bridges long prior to the act of 1888, and, consequently, this admission did not supply the proof that the bridge was in point of fact erected after the passage of the act of 1888. Political Code (1910), § 744. The evidence for the plaintiff having failed to show this necessary fact, the principle of the two decisions of the Supreme Court above cited is controlling, and a new trial should have been granted on the ground that the verdict was without evidence to support it. At another trial the plaintiff will have an opportunity to amend his petition and supply this necessary ingredient in the proof.

*Judgment reversed.*