### 6582. WASHINGTON COUNTY v. MAY.

WADE, J. 1. "A county is not liable for suit for any cause of action, unless made so by statute." Civil Code, § 384.

2. A petition which asserts a primary liability on the part of a county because of injuries to live stock, alleged to have been due to the defective condition of a bridge, and which does not allege that the bridge was a public bridge and that it was erected after the passage of the act approved December 29, 1888 (Acts of 1888, p. 39, Civil Code, § 748), should be dismissed on demurrer. "There could be no liability set forth in the petition without an allegation that the bridge was erected after the passage of that act." *Seymore* v. *Elbert County*, 116 *Ga.* 371, 372 (42 S. E. 727).

(a) The petition in the case under consideration alleged that the defective bridge which brought about the injuries complained of was a county bridge erected and maintained by the defendant, and that the defendant had allowed it to fall into bad repair. Conceding that the petition alleged with sufficient clearness and distinctness that the bridge complained of was a public bridge within the meaning of the law, it is nowhere alleged that the bridge was constructed since the passage of the aforesaid act of 1888. An admission that the bridge was a public bridge would not dispense with proof that it was in point of fact erected after the passage of the act of 1888, since there were public county bridges long prior to the act of 1888. *Floyd County* v. *Baker*, 11 *Ga. App.* 188 (74 S. E. 936). Since this proof is essential to authorize a recovery, an averment in the petition alleging this essential fact was necessary to set forth a cause of action, and without such an averment the petition was subject to dismissal on general demurrer. See *Butts County* v. *Johnson*, 136 *Ga.* 354 (71 S. E. 428); *Salter* v. *Decatur County*, 15 *Ga. App.* 687 (84 S. E. 162); *Counties of Bibb and Crawford* v. *Dorsey*, 90 *Ga.* 72 (15 S. E. 647).

3. The court erred in not sustaining the demurrer, and therefore the further proceedings were nugatory and need not be considered.

*Judgment reversed.*

DECIDED JANUARY 20, 1916.

Action for damages; from city court of Sandersville—Judge Jordan. April 28, 1915.

*W. M. Goodwin,* for plaintiff in error.

*Evans & Evans,* contra.