## WILKINSON COUNTY *v.* TWIGGS COUNTY.

1. The act approved August 17, 1908, entitled, " An act to provide for the marking out, defining, and re-establishing the boundary line between counties of a certain class in this State, etc.," is unconstitutional, because violative of the provision of art. 1, sec. 4, par. 1, of the constitution of this State, which prohibits the enactment of a special law in any case for which provision has been made by an existing general law.

2. "A county is not liable to suit for any cause of action unless made so by statute." Civil Code § 384. Applying this section to the facts of this case, the court did not err in sustaining the general demurrer and dismissing the petition.

No. 1810. SEPTEMBER 29, 1920.

Complaint. Before Judge Kent. Twiggs superior court. August 25, 1919.

*Hardeman, Jones, Park & Johnston* and *Richard Curd*, for plaintiff.

*R. A. Harrison*, for defendant.

Beck, P. J. The County of Wilkinson brought suit against the County of Twiggs, for the recovery of the sum of $484, the amount of certain taxes paid to and received by the defendant county, claimed by the plaintiff to have been due and owing to it and to have been received for its use and benefit. The defendant filed a demurrer and answer to the petition. The demurrer coming on regularly to be heard, after argument, was sustained and the petition was dismissed. To this judgment the plaintiff excepted.

1. The court properly sustained the general demurrer to the petition. One of the questions involved in the demurrer was, whether the act approved August 17, 1908 (Acts 1908, p. 96), the same being an act to provide for the "marking out, defining and re-establishing of boundary lines between counties of a certain class," etc., is constitutional or not. The first section of this act is as follows: "That hereafter whenever two counties of this State, the population of one of which, by the last preceding census of the United States, exceeds eight thousand seven hundred (8,700) and is less than eight thousand seven hundred and twenty (8,720), and the population of the other of which, by said census, exceeds eleven thousand four hundred and thirty (11,430), and is less than eleven thousand four hundred and fifty (11,450), border upon each other, the Governor shall, any prior marking out or defining of the boundary line to the contrary notwithstanding, appoint some suitable and competent surveyor, who shall not reside in either county, to survey, mark out, define and re-establish the boundary line between said two such counties, and return such survey with plat to the Secretary of State's office; said surveyor shall also furnish the ordinaries or chairmen of the board of county commissioners of each of said counties with a copy of said survey and plat, at the same time that he returns the originals to the office of the Secretary of State." Other sections of the act provide for the filing of plats, the record thereof, and certain other matters not necessary here to state. Petitioner contends that the act is unconstitutional and void, being obnoxious to art. 1, sec. 4,

par. 1, of the constitution of the State of Georgia, which prohibits the enactment of a special law in any case for which provision has been made by an existing general law. With this contention we agree. It is too plainly a case of the passage of a special law in a case for which provision is made in a general law, to require discussion. For the general law on the subject see Civil Code, §§ 472 et seq. See the decision in the case of *Worth County* v. *Crisp County*, 139 *Ga.* 117 (76 S. E. 747).

2. But while we agree with the plaintiff in its contention in regard to the unconstitutionality of the act of August 17, 1908, referred to above, it does not follow that the court erred in sustaining the general demurrer and dismissing the petition. In this the court ruled correctly. For, whether the property upon which the tax was levied and collected was in Twiggs County or in Wilkinson County, if it had been actually paid to the proper authorities of Twiggs County it was not recoverable by Wilkinson County in this action. Twiggs County is not liable to suit by Wilkinson County or any other county for taxes wrongfully collected. "A county is not liable to suit for any cause of action unless made so by statute." Civil Code, § 384. And we do not know of any statute that would make a county liable in an action of this character. We can not treat it as money had and received by Twiggs County for the use of Wilkinson County, even if the facts in the case would make a case of money had and received as between individuals. Nor can we from all the facts in the case, keeping in view that it is a suit by one county against another, deduce any general principle of equity and justice which would authorize us to ignore the plain provisions of our Code, and say that Wilkinson County is entitled to a judgment in its favor for the money claimed.

*Judgment affirmed. All the Justices concur.*

Atkinson, J., concurs in the judgment.