17168.   SMITH *v.* FLOYD COUNTY *et al.*

STEPHENS, J.   1. The test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all the allegations made therein and escape liability.  If the petition in the instant case sets forth a cause of action either for the recovery of damages as for the maintenance of a nuisance, or for a recovery under that provision of the constitution which declares that private property shall not be taken or damaged for public purposes without just and adequate compensation first being paid, it will withstand a general demurrer and it will not be the duty of this court, in passing upon the exceptions to the judgment sustaining the general demurrer, to construe the petition, for the purpose of determining the exact character of the cause of action relied on.  *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.,* 157 *Ga.* 434 (9) (122 S. E. 327); *Vandalsem* v. *Caldwell,* 33 *Ga. App.* 88 (7) (125 S. E. 716).

2. As against a general demurrer, the petition sufficiently alleged that the street and avenue therein referred to were public highways, and, though not so called, were public roads, under the control and supervision of the county; and it being further shown therein that in raising the grade of these two roads, and in laying and arranging the new sewer-pipe, the county caused large quantities of rainwater to be diverted on to the plaintiff's property with resulting damage, and it further appearing that the plaintiff had presented his claim to the county within twelve months, as required by section 411 of the Civil Code (1910), and that payment of the claim had been refused, the petition set forth a cause of action for the recovery of damages under provision of the constitution that private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid.  Civil Code (1910), § 6388; *Bates* v. *Madison County,* 32 *Ga. App.* 370 (2) (123 S. E. 158); *Westbrook* v. *Baldwin County,* 121 *Ga.* 442 (49 S. E. 286); *Terrell County* v. *York,* 127 *Ga.* 166 (56 S. E. 309); *Marion County* v. *Short,* 145 *Ga.* 404 (89 S. E. 324); *Adkins* v. *Crawford County,* 135 *Ga.* 679 (70 S. E. 335).

(*a*)  Under this construction, the plaintiff properly claimed as his measure of damages the actual depreciation in the market value of the property, caused by the wrongs complained of.  *Smith* v. *Floyd County,* 85 *Ga.*

---

Appeal and Error, 4 C. J. p. 675, n. 63.

Eminent Domain, 20 C. J. p. 751, n. 78; p. 1191, n. 73, 85; p. 1192, n. 89, 1.

Parties, 30 Cyc. p. 122, n. 97, 2, 4.

Pleading, 31 Cyc. p. 101, n. 95; p. 270, n. 97; p. 277, n. 77; p. 290, n. 65; p. 298, n. 28.

Torts, 38 Cyc. p. 484, n. 94; p. 487, n. 8; p. 488, n. 14.

420 (3) (77 S. E. 850); *Sheppard* v. *Georgia Ry. & Power Co.*, 31 *Ga. App.* 653 (121 S. E. 868).

3. The petition, under the allegations, is also susceptible of the construction that it is a suit for damage caused by the maintenance of an alleged nuisance, and even under this construction was not subject to the general demurrer. The fact that the petition may not have laid the correct measure of damages under the latter construction was no cause for dismissing it, in the absence of a special demurrer attacking the petition on that ground. *Nalley* v. *Carroll County*, 135 *Ga.* 835 (70 S. E. 788); *Bank of Bullochville* v. *Riehle*, 36 *Ga. App.* 470 (137 S. E. 642), and cit.

4. Where a petition is duplicitous and may be construed as setting forth a cause of action, either as an action for damages for the maintenance of an alleged nuisance, or because of the county's damage to the plaintiff's private property for public purposes without first paying the plaintiff therefor, and where there is no special demurrer objecting to the petition because of such duplicity, the plaintiff may at the trial elect as to the character of the action he will rely upon. *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.*, supra.

5. As a general rule, "where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such case a joint action against them can not be maintained." *Armstrong* v. *Southern Ry. Co.*, 29 *Ga. App.* 418 (116 S. E. 31). "But it is also true that, even though voluntary, intentional concert is lacking, if the separate and independent acts . . of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts . . occurred . . Thus, where two concurrent causes naturally operate in causing an injury, there can be a recovery against both or either one of the responsible parties." *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883).

6. Applying these rulings, the petition was not subject to any ground of the demurrer interposed, and the court erred in dismissing the same.

　　　*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 5, 1927.

Action for damages; from Floyd superior court—Judge Maddox. January 4, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

N. W. Smith brought suit for damages against Floyd County and the Rome Railway & Light Company, and in his petition made the following case: The public roads of Floyd county are under the supervision, management, and control of the board of roads and revenues of said county. The plaintiff owns and is in possession of a tract of land at the northeast corner of Webster street, running north and south, and Shorter avenue, running east and

west, on which he has erected a home in which he resides with his family. In September, 1923, there was a storm-sewer some twelve inches in diameter, under the "public highway" immediately in front of his home and known as Shorter avenue, which storm sewer began on the south side of Shorter avenue and ran thence under Shorter avenue and under the tracks of the railway company into Webster street, and then "bore to the right and across and under the lot of . . petitioner, and, after running some twenty-five feet beyond the lot of . . petitioner, emptied into a vacant lot." This sewer carried all the water which accumulated on the north side of Shorter avenue and emptied it beyond the plaintiff's lot, and his premises were in no wise injured or damaged because of overflow. About the month of September, 1923, "said county raised the street in front of . . petitioner's home, the said Shorter avenue, about eighteen inches, and also the Rome Railway & Light Company raised its car-track in front of petitioner's home a distance of eighteen inches; . . at said time said county and said Rome Railway & Light Company dug up and tore up that part of said sewer aforesaid described which began on the south side of said Shorter avenue, and ran under the track of the Rome Railway & Light Company and out into Webster street, and put in a new storm-sewer about twenty-four inches in diameter." . The new storm-sewer was not connected with the part of the sewer which ran under the plaintiff's lot, but "the end of said new sewer put in by said county and said Rome Railway & Light Company is some three feet down in the ground and lower than the old storm-sewer and that part of said sewer which extends under and across . . petitioner's property." "Petitioner shows further that said county and said · Rome Railway & Light Company completely stopped up said sewer under the premises of . . petitioner, with dirt, gravel, and other debris, and that said sewer is of no use whatever now." The defendants "dug a big deep hole in Webster street, and at the end of said new sewer as aforesaid, and foul, fetid, and polluted waters stand in said hole, to the discomfort, annoyance and damage to the health of petitioner and his family; that foul, fetid, poisonous, and dangerous odors are constantly coming from said water standing at said place." "Petitioner shows that prior to the tearing up of said old sewer as aforesaid, all the water from College Heights and in and along the southern

part of Shorter avenue ran through said sewer, but that since the installation of said new sewer and the stopping up of said sewer on the premises of . . petitioner, as aforesaid, all the water in and along said Shorter avenue and for hundreds of yards from College Heights comes through said new storm-sewer and then spreads out all over the premises of . . petitioner, standing in the front yard of . . petitioner, making it wet, damp, and muddy, washing gravel and poor soil over the front yard of . . petitioner, and greatly injures and damages the premises of . . petitioner." "Petitioner further shows that because of said water standing in said hole and on the premises of . . petitioner, he and his family suffer great inconvenience and hardships from the foul and fetid odors; that the water so accumulating and standing on the premises as aforesaid greatly mars the beauty of petitioner's premises." Prior to the acts complained of, the reasonable value of the plaintiff's property was $2,500, but because of the wrongs alleged to have been committed by the defendants the property has been reduced to a value of not exceeding $2,000, so that the plaintiff has been damaged in the sum of $500, this being the amount sued for. The plaintiff presented his claim to the county in accordance with the provisions of section 411 of . the Civil Code (1910).

Floyd County demurred to the petition, on the grounds that it set forth no cause of action and that it contained a misjoinder of parties defendant. The demurrer made no point as to the measure of damages. The demurrer was sustained, and the plaintiff excepted.

*Porter & Mebane,* for plaintiff.

*Denny & Wright, Graham Wright, Seward M. Smith, Lamar Camp, L. A. Dean,* for defendants.