17980.    FULTON COUNTY *v.* GORDON WATER COMPANY.

JENKINS, P. J.   1. "A county is not liable to suit for any cause of action unless made so by statute." Civil Code (1910), § 384.   The petition in a suit brought against a county must indicate that the liability sought to be established comes within the provisions of this rule. *Seymore* v. *Elbert County*, 116 *Ga.* 371 (42 S. E. 727).   Such liability to suit may be shown by indicating that the claim arises by reason of the taking of private property by county authorities for the benefit of the public (*Bates* v. *Madison County*, 32 *Ga. App.* 370, 123 S. E. 158), or by county authorities as an incident in the performance of an undertaking by the county authorized by statute.   Accordingly, where it appears that the County of Fulton is the owner of property adjacent to property owned by the State, both premises lying beyond the limits of the City of Atlanta, and the State, by legislative enactment, appropriates a sum of money to defray a portion of the expense necessary "for the purpose of extending the water-mains of the City of Atlanta, in connection with the County of Fulton, to the property of the Georgia Training School for Girls, and the adjacent property of the County of Fulton" (Ga. L. 1924, p. 19), such sum to be expended under "an agreement between Fulton County and or City of Atlanta and board of managers of Georgia Training School for Girls," and where, pursuant to the terms of that act and the provisions stipulated therein, the county authorities, under a contract entered into with such board of managers, proceed to the construction of a water-main leading from such premises owned by the State, adjacent to the premises owned by the county, so as to connect with the water system of the City of Atlanta, and in so doing connect that main with a privately-owned water-main intervening between the property described and the water system of the City of Atlanta, so as to make use of such privately-owned water-main for a portion of the distance necessary to be traversed in reaching the city water supply, the county is liable for thus appropriating such private property for its own use and as an incident to the carrying out of the contract authorized by statute, in the reasonable value received by it in thus connecting with the privately-owned water-main.

2. It appearing from the petition that the plaintiff owner of such previously constructed and privately-owned water-main had, at the time of its connection with the city system, entered upon an agreement with the municipality whereby it was stipulated that "the Board of Water Commissioners may estimate the sum to be paid by any person or corporation hereafter connecting with said pipe or main, and their decision shall be final," and it appearing from the petition that prior to the extension by the county of the water-main now in question the city had prescribed a "tapping fee" in the sum of $1000 to be paid by the county to the plaintiff as owner of the private main as com-

Counties, 15 C. J. p. 570, n. 78 New; p. 664, n. 48; p. 667, n. 11.

Eminent Domain, 20 C. J. p. 655, n. 46; p. 688, n. 6 New; p. 1191, n. 85; p. 1209, n. 47 New.

Pleading, 31 Cyc. p. 78, n. 95; p. 85, n. 37 New.

pensation for connecting therewith, but that before the county had proceeded with the construction of such extension this action on the part of the city had been rescinded, and, without estimating any other sum to be paid, the city granted permission to the county to connect with the plaintiff's private water-main free of any charge whatever, the action of the city in making the original estimate or assessment would not amount to a determination of the amount of just compensation to which the plaintiff would be entitled. Since the petition, although setting out by way of inducement the action of the city referred to, further alleges that the sum of $1000 represents the amount due it as just and reasonable compensation, the petition will be construed as an action in quantum valebat for the sum named as representing the amount reasonably and justly due the plaintiff in compensation for the appropriation and use of its property as hereinbefore indicated. Such a construction will be given the petition in accordance with the doctrine that while, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311).

3. Under the foregoing rulings, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 14, 1927.

Complaint; from city court of Atlanta—Judge Dorsey. January 31, 1927.

Application for certiorari was denied by the Supreme Court.

*Ralph H. Pharr, Dorsey, Shelton & Dorsey,* for plaintiff in error.

*Levi O'Steen, Craighead & Craighead,* contra.