22429. DECATUR COUNTY *v.* TOWNSEND.

JENKINS, P. J. Plaintiff sued Decatur county for eleven and a half days services as a copyist, alleged to be worth $35. The petition alleges that the services were rendered to the county board of tax-assessors, and the claim was approved by the chairman of that board; that a demand for payment was made on the county commissioners and refused; and that the amount is a just charge against the county and should be paid out of the county funds as other expenses are paid. The defendant demurred to the petition, upon the ground that no cause of action was set out. The court overruled the demurrer, and to this judgment the county excepted. *Held:*

1. A suit can not be maintained against a county unless authorized by statute or by the provisions of the constitution. Civil Code (1910), § 384; *Wilkinson County* v. *Twiggs County,* 150 *Ga.* 583 (2) (104 S. E. 418); *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596); *Terrell County* v. *York,* 127 *Ga.* 166, 168 (56 S. E. 309. The petition should show the authority of the plaintiff, under the statute, to bring the suit. *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577); *Seymore* v. *Elbert County,* 116 *Ga.* 371, 372 (42 S. E. 727); *Fulton County* v. *Gordon Water Co.,* 37 *Ga. App.* 290 (140 S. E. 45).

2. Even were it to be assumed that under the act of the General Assembly creating county boards of tax-assessors (Ga. L. 1913, pp. 123, 125, 126), their employment of a copyist to be compensated by the county would be authorized, there is nothing in the act at variance with the prohibition against suits against a county save where expressly authorized by statute or by the provisions of the constitution. Accordingly, even though it be assumed that the claim against the county is a just one, a suit by such an employee against the county for the recovery of such compensation is unauthorized. Whether or not the remedy by mandamus is available is not a proper matter for determination.

3. Under the foregoing rulings, the court erred in not sustaining the demurrer to the petition.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 19, 1932.

*H. G. Bell,* for plaintiff in error.
*W. V. Custer & Son,* contra.