41237. DEKALB COUNTY v. DEASON.

FRANKUM, Judge. This was a common law action against DeKalb County to compel the county to pay to the plaintiff salary alleged to be due him as a county policeman. It was alleged that the plaintiff's right to the salary had been adjudicated by this court on a writ of error from the Superior Court of DeKalb County reviewing and reversing the action

of that court dismissing a petition for certiorari seeking a review of the action of the DeKalb County Merit System Council denying plaintiff's appeal from his discharge as a county policeman by the Director of Public Safety. The defendant demurred to the petition upon the ground that no cause of action was set forth. The trial court overruled that demurrer, and the defendant excepted. *Held:*

"A suit can not be maintained against a county unless authorized by statute or by the provisions of the Constitution. Civil Code (1910), § 384 [§ 23-1502]; *Wilkinson County v. Twiggs County,* 150 Ga. 583 (2) (104 SE 418); *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596); *Terrell County v. York,* 127 Ga. 166, 168 (56 SE 309). The petition should show the authority of the plaintiff, under the statute, to bring the suit. *Millwood v. DeKalb County,* 106 Ga. 743 (32 SE 577); *Seymore v. Elbert County,* 116 Ga. 371, 372 (42 SE 727); *Fulton County v. Gordon Water Co.,* 37 Ga. App. 290 (140 SE 45)." *Decatur County v. Townsend,* 46 Ga. App. 103 (1) (166 SE 774). See also *Almon v. Terrell County,* 89 Ga. App. 403 (79 SE2d 430). Under the provisions of Section 5 of the Act approved March 6, 1956 (Ga. L. 1956, pp. 3111, 3115), a decision of the DeKalb County Merit System Council is binding on the governing authority of the county as to whether such dismissal was for proper cause. In *Anderson v. McMurry,* 217 Ga. 145 (121 SE2d 22), the Supreme Court held that the DeKalb County Merit System Council in passing on such question acts in a quasi-judicial capacity, and that the proper mode for reviewing its decision is by application to the superior court for a writ of certiorari. It follows that, the plaintiff in this case having pursued this remedy and having finally secured an adjudication of this court determining that the decision of the DeKalb County Merit System Council which was adverse to his contentions was erroneous (see *Deason v. DeKalb County Merit System Council,* 110 Ga. App. 244 (138 SE2d 183)), when that body conforms its decision to the judgment of this court such conforming judgment is also binding on the county. Assuming this to be so, however, and that the plaintiff has had his right to hold his position as county policeman finally adjudicated, there is nothing in the DeKalb County Merit System Act at variance with the prohibition against suits against a county as contained in *Code* § 23-1502, and as in-

terpreted by the authorities above cited. There is no express authorization contained in the statute, nor has any constitutional provision been called to our attention, which authorizes the maintenance of this suit. "Accordingly, even though it be assumed that the claim against the county is a just one, a suit by such an employee against the county for the recovery of such compensation is unauthorized. Whether or not the remedy by mandamus is available is not a proper matter for determination." *Decatur County v. Townsend,* 46 Ga. App. 103 (2), supra. Under the foregoing authorities the court erred in not sustaining the general demurrer to the petition.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

ARGUED APRIL 7, 1965—DECIDED NOVEMBER 16, 1965— REHEARING DENIED NOVEMBER 24, 1965.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for plaintiff in error.

*E. T. Hendon, Jr.,* contra.