## 41237. DEKALB COUNTY v. DEASON.

FRANKUM, Judge. 1. This court, on November 16, 1965, rendered an opinion in this case in which it held that the petition failed to state a cause of action against the county, and that the trial court erred in so much of its order as overruled the defendant's general demurrer. The Supreme Court granted certiorari and reversed this court as to that ruling. See *Deason v. DeKalb County,* 222 Ga. 63 (148 SE2d 414). Accordingly, the judgment of this court reversing the trial court in so far as its order overruled the defendant's general demurrer has been vacated, and we hold in conformity with the ruling and judgment of the Supreme Court that the trial court did not err in overruling the defendant's general demurrer.

2. When this case initially came to this court on a bill of exceptions under the former appellate practice and procedure the plaintiff in error, DeKalb County, assigned error on the single judgment of the trial court which overruled the defendant's general demurrer, overruled the defendant's motion to dismiss the plaintiff's motion for a summary judgment, and granted the plaintiff's motion for a summary judgment. With respect to the latter portions of the judge's order relating to the motion for a summary judgment, this court, being in doubt as to whether the Civil and Criminal Court of DeKalb County is a court of record within the meaning of that term as used in Section 9 of the Act approved March 17, 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1209), so as to be authorized thereby to grant summary judgments in cases pending therein, certified that question to the Supreme Court. The Supreme Court answered that question in the negative. See *DeKalb County v. Deason,* 221 Ga. 237 (144 SE2d 446). In conformity with that opinion of the Supreme Court, we hold that the Judge of the Civil and Criminal Court of DeKalb County erred in denying the defendant's motion to dismiss plaintiff's motion for a summary judgment made upon the ground that the Civil and Criminal Court of DeKalb County was not a court of record and in rendering a summary judgment for the plaintiff, since that court had no jurisdiction to render summary judgments. Therefore, so much of the judgment as purported to render a summary judgment for the plaintiff must be reversed.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Hall, J., concur.*

DECIDED APRIL 29, 1966.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*E. T. Hendon, Jr.,* for appellee.