## 42321. DeKALB COUNTY v. DEASON.

EBERHARDT, Judge.   This case has appeared on appeal heretofore in *Deason v. DeKalb County Merit System Council,* 110 Ga. App. 244 (138 SE2d 183) ; *DeKalb County v. Deason,* 221 Ga. 237 (144 SE2d 446) ; *DeKalb County v. Deason,* 112 Ga. App. 721 (146 SE2d 382), reversed in *Deason v. DeKalb County,* 222 Ga. 63 (148 SE2d 414) ; and *DeKalb County v. Deason,* 113 Ga. App. 555 (149 SE2d 155). Reference to these will disclose the details as to the pleadings and contentions. Subsequent to the last appearance defendant amended its answer contending that it was entitled to set off money earned by plaintiff during the period when he was not working for the county, and for workmen's compensation payments made to him for an injury received while working for another.

The case came on for trial and after introduction of evidence the jury returned a verdict finding that while the plaintiff had worked for others during a portion of the time he had not been on his job with the county, the amount of his earnings could not be determined from the evidence submitted, whereupon the court ordered that the defendant, having failed in its proof of the claimed setoff, was not entitled to it and entered judgment for the unpaid wages claimed, with interest.

It is now contended that the judgment must be reversed because plaintiff failed in proving that he was ready, able and willing, during the time following his discharge by the county, to perform the duties of a patrolman, and further that the county was entitled to set off compensation payments which had been made to him. *Held:*

1. It was held in *Deason v. DeKalb County Merit System,* 110 Ga. App. 244, supra, that since the plaintiff had been discharged for reasons of physical disability and there was no authority under the rules of the DeKalb Merit System for a discharge on that ground, it was arbitrary and void. Consequently a recovery of unpaid wages or salary during the period of the unlawful discharge was not dependent upon proof of physical ability to perform.

2. The burden of showing that plaintiff had received wages or salary while working for others during the period of his discharge, for the purpose of setting off the amounts received against the unpaid wages or salary sought to be recovered from the county, was on the defendant, and defendant having wholly failed in carrying that burden, a judgment that the setoff claimed be disallowed was proper.

3. It is stipulated, and the record shows, that the defendant did receive workmen's compensation in the amount of $1,221.47 for an injury received while working as a tractor driver for Guy M. Duren, April 16, 1962. While this injury occurred prior to plaintiff's discharge by the county, and indeed was the basis of the county's position that he was unable to perform his duties, the compensation was for his loss of pay on the "moonlighting" job during off hours and had no reference to any loss of pay from the county and was not paid by or on behalf of the county. We find no error in the ruling of the trial court that the county was not, under these facts, entitled to set off the compensation payments.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED SEPTEMBER 7, 1966—DECIDED SEPTEMBER 28, 1966.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*E. T. Hendon, Jr.,* for appellee.