## SMITH vs. WILKES AND McDUFFIE COUNTIES.

1. It is not the duty of the county authorities to supervise the work done by a contractor to build a public free bridge over a stream dividing two adjacent counties, the contract having been duly made under §508 (d), (e), (f) of the code; and if any one having a mill on the stream at or near the site of the bridge, is damaged by an obstruction caused by the faulty manner in which the work is executed, the counties are not liable. The maxim "*respondeat superior*" does not apply.

2. If any errors were committed on the trial, they were immaterial, as the evidence constrained a verdict for the defendants.

April 4, 1887.

County Matters. Roads and Bridges. Torts. Principal and Agent. Verdict. Before Judge LUMPKIN. Wilkes Superior Court. November Term, 1886.

Reported in the decision.

SIMS & SHUBRICK; F. H. COLLEY, for plaintiff in error.

W. M. & M. P. REESE, for defendants.

BLECKLEY, Chief Justice.

An action was brought by Smith against these two counties, alleging that they had constructed a bridge across Little river, a stream dividing the counties; that he had a mill upon the stream, and that the mill was damaged by obstructing the river, the damage resulting from placing in the river certain piers for the bridge, and from throwing in a great quantity of stones, thereby causing a raft to form, etc. The counties answered by a number of pleas, among them the plea of the general issue. A trial was had, much evidence was adduced, and the jury found for the defendants. A motion for a new trial was made on many grounds, and was overruled. The judgment overruling that motion is the one we are now reviewing.

It appears from the evidence that the county authorities

pursued the statute found in the code, §508 (d), (e), (f), regulating the mode in which such work is to be let out by contract; that this plaintiff was present when the contract was let, and made no objection to the plan of the bridge or the specifications, or at least those present did not understand him as making any objection. He appeared to be one of the advocates of the improvement; he was understood to be zealous in behalf of the bridge, as he was to be benefited by its use. Moreover, he testifies himself that there had been a bridge on that site for sixty or seventy years; it was simply the renewal of a worn-out bridge, or at all events, it was the placing of a new bridge on the site of a former one. The evidence shows it was in contemplation at the time to place the foundations of the piers in the bottom of the stream, and that it was understood at the letting of the contract that he was to draw off the water, so as to afford opportunity to do this work; and it appears that the advantage to the contractor of having the water drawn off, in the execution of the contract, would have been about $200. For some reason the plaintiff declined to draw off the water, and the contractor went foward with the piers as best he could. Pursuing the ordinary method of constructing such works, in the absence of opportunity to lay the foundations in the bottom of the stream, pens were built, and large quantities of stone were thrown in to hold the structure in place. The evidence is somewhat conflicting as to whether the plaintiff really sustained any damage. Many of the witnesses thought he did not; but he thought he was seriously damaged, and so testified, as did some other witnesses.

We do not find it necessary to deal with specific questions made in the motion for a new trial, or even to examine the regularity of the verdict as it was received; because the case is ruled by a principle which must necessarily have defeated a recovery; and whatever errors might have been committed in the progress of the trial were harmless,

The action was brought on the theory that the counties had caused this damage; and the constitutional provision was urged upon us in the argument, that property cannot be damaged for the public use without compensating the owner. When this constitutional provision applies, it can have effect only against counties which cause the damage; and these counties did not cause any in this instance. They let out the contract to the lowest bidder, and did all that it was incumbent upon the county authorities to do; and as it is manifest that the damage, if any, resulted from the faulty execution of the work, the counties are not responsible, on the simple ground that they did not cause the damage. It was neither the duty nor the right of the counties in their corporate capacity to dictate to the contractor how he should execute his work, provided he obtained the results called for by the plan of the bridge. If from his negligence or improper conduct in bringing about the results, damage ensued, he is the responsible party, and not the counties.

Besides, there is no statutory provision for any such action as this. The counties, to be liable in an action at law for damage done by those who construct or repair the public roads and bridges, would have to be subjected to such action by statute. It is very improbable that a county can be sued in the superior court for the acts of the road-workers and overseers of roads if they turn water on adjacent lands by digging ditches or placing obstructions where they ought not. We cannot suppose that there was any intention on the part of the framers of the constitution, to turn the citizens loose against the counties, without any statutory regulation, for all such causes of action as would be recognized by holding that anybody who, in behalf of the public, damages another's property, thereby subjects the county to answer for it. It would seem altogether more reasonable to hold that, if one person damage another for the use of the public, the person who inflicted the damage should be responsible, and not the public, though benefited.

It is not the duty of the county authorities to supervise the work done by a contractor to build a public free bridge over a stream dividing two adjacent counties, the contract having been duly made under §508 (d), (e), (f), of the code; and if any one having a mill on the stream at or near the site of the bridge is damaged by an obstruction caused by the faulty manner in which the work is executed, the counties are not liable. The maxim *"respondeat superior"* does not apply.

Judgment affirmed.