THE WHITE STAR LINE STEAMBOAT COMPANY *vs.* THE COUNTY OF GORDON.

1. A justice's court has no jurisdiction of a claim for damages to a steamboat company by reason of the detention of one of its steamers at a river bridge. *James vs. Smith,* 62 *Ga.* 345, distinguished. (Rep.)
2. There is no statutory provision subjecting counties to actions for detaining steamers or craft of any kind upon the water. Whether done by means of bridges or by other obstruction, there is no redress for it against the county. Indeed, the county cannot do it, because there is no agency recognized by law to represent it in committing torts of this character. (Rep.)
3. As there was no cause of action against the county, there was nothing to amend by, and whatever may have been the amendment proposed, it was properly rejected. (Rep.)

May 11, 1888.

Justice courts. Jurisdiction. Damages. Counties. Amendment. Before Judge MADDOX. Gordon superior court. August term, 1887.

Reported in the decision.

HENRY WALKER, for plaintiff.

W. R. RANKIN, by E. J. KIKER, for defendant.

BLECKLEY, Chief Justice.

1. The suits in the justice s court were for damages to the plaintiff, the steamboat company, by reason of the detention of one of their steamers at the Calhoun bridge upon the Oostanaula river. We have, then, the question whether a justice's court has jurisdiction over cases of this character. The jurisdiction is rested by the plaintiff in error upon the constitution, (code, §5152,) which declares that justices of the peace have jurisdiction in cases of injuries or damages to personal property, where the principal sum does not exceed $100. It is said that damages to the steamboat company by

reason of the detention of its steamer at the Calhoun bridge upon the Oostanaula river, are injuries to personal property, and therefore that the case is within the constitutional grant of jurisdiction. And to uphold this construction, the case of *James vs. Smith*, 62 *Ga.* 345, is relied on, in which it is ruled that the conversion of personal property is a matter for the jurisdiction of a justice's court. But the detention of a steamer does not imply a conversion of it, nor any injury or damage done to it. If it is detained upon a river in consequence of the defective construction of a bridge (and that seems to be the intimation here), the steamer is not damaged or injured, but the owner is. It is a case of damages to the company, and it is so alleged here. It is a case of damages to the company and not to the property; and for this reason, we think the court, in dismissing this action, ruled correctly.

2. But there is another reason. The one we have just dealt with applies between party and party generally; but the other applies only where a county is involved; and such is the case here. The county could not detain a steamer upon the Oostanaula river in a way to create a cause of action against the county for it. There is no statutory provision subjecting counties to actions for detaining steamers or craft of any kind upon the water; and whether they do it by means of bridges or other obstructions, there is no redress for it against the county. Indeed the county cannot do it, because there is no agency recognized by the law to represent the county in detaining steamers and committing torts of this character. By consulting the case of the County of Monroe vs. Flynt, decided at this term, (80 *Ga.* 489,) it will be found that we recognize the doctrine that a county is not subject to suit unless there is some statutory provision which renders it subject. And the same doctrine was recognized in *Smith vs.*

*Wilkes and McDuffie Counties*, decided at March term, 1887.  79 *Ga*. 125.

3. There was a proposition to amend in the superior court, these cases having gone to that court by appeal. Precisely what amendment was proposed is not clear from the record.  We find that the record does not go as far as the argument in defining the nature of the amendment that was contemplated.  But as the amendment, if it had proposed a cause of action against the county, would have made a case where there was no case at all before, there was nothing to amend by; and we think the court was right, no matter what the amendment was, to reject it and refuse leave to make it.

So the judgment denying the amendment, because there was no cause of action set forth against the county recognized by law, was correct.

Judgment affirmed.