## MILLWOOD v. DeKALB COUNTY.

A county is not liable to suit unless there is a law which in express terms or by necessary implication so declares. And this is true whether the alleged cause of action arises from the negligent performance of duties which the county authorities are compelled to perform, or a negligent discharge of duties voluntarily assumed in the exercise of a discretion vested in them by law.

Argued January 31,—Decided March 15, 1899.

Action for damages. Before Judge Candler. DeKalb superior court. February term, 1898.

*W. W. Braswell,* for plaintiff.
*Candler & Thomson,* for defendant.

COBB, J. Mrs. Millwood sued the County of DeKalb for damages, alleging that the county authorities had exercised the right they had under the law to work the convicts in a county chain-gang upon the public roads of the county; that a named road which crossed a private way had been worked by the chain-gang in such a manner as that persons traveling the private way were liable to be injured; that in coming along such private way at night, having no knowledge of the condition in which the public road had been left at the point where the private way intersected it, she fell and was injured. There were allegations that the county authorities had failed to provide railings or other safeguards to protect persons who were traveling along the private way. The court upon oral motion at the trial term dismissed the petition; and to this the plaintiff excepted.

At common law counties were not liable in a private action for damages sustained by any one in consequence of failure to keep in repair the highways and bridges within the county. Russell v. Men of Devon, 2 Term R. 662. The code of this State, which went into effect on 1st day of January, 1863, contained a provision which declared that "every county which has been, or may be, established is a body corporate, with power to sue or be sued in any court." Code 1863, §463. This provision was carried into the Code of 1868, and the following clause, which appears to have been taken from an act passed

in 1863, was added to the section: "And all inhabitants of counties in this State, who are competent jurors in other cases, are declared and shall be holden to be competent jurors in any case, in any court, where such counties are parties to the suit or interested therein in their capacity as corporations or quasi-corporations." Code of 1868, § 525. The Code of 1873 as well as the Code of 1882 contained this law in exactly the same language as is found in the Code of 1868. Code 1873, § 491; Code 1882, § 491. Does this section impose a liability upon a county to be sued in all cases where ordinary corporations are so liable under the law? Or is it simply a declaration that a county may be sued, but the right to sue is limited to those cases only where the General Assembly has given the permission? This question was presented to this court in the case of *Scales* v. *Ordinary of Chattahoochee County,* 41 *Ga.* 225. Judge McCay, speaking for himself and Chief Justice Brown, there said: "Counties, as corporations, stand upon an entirely different footing. They are, as we have said, mere subdivisions of the State. The people have no privileges or immunities not granted to all citizens. They are in fact merely convenient modes by which the State governs the people. The corporate existence cast by law on counties is not asked for, and can not be set aside, but is the law of the State, and it can not be inferred that, in consideration of the grant and of the privileges conferred in the charter, the people of the county have undertaken the public duties cast upon them." Again on page 228 he says: "The State is never suable except by express enactment, and this is also true of subdivisions of the State. They are parts of the sovereign power, clothed with public duties which belong to the State, and for convenience divided among local organizations. We are the more clear in this view of the law, from the fact that the Code provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair. . . It seems to us that the declaration of the Code, that the county shall be liable to these two cases, is a strong legislative intimation that it was not liable in other cases." Judge Warner dissented, and in his opinion he contends that the section of the code above

referred to, construed in connection with § 526 of the Code of 1868, which declares that "suits against a county must be against the inferior court," etc., makes the county subject to suit; it being apparent to him that "it was the clear and manifest intention of the legislature in making the several counties in this State bodies corporate, with power to sue and liable to *be sued*, to alter and change the common-law rule, as held by the court in Russell *v.* Men of Devon." In *Dent* v. *Cook*, 45 *Ga.* 323, Judge McCay uses this language: "The county, it is true, is a corporation. Code, § 525. But this is only for certain specific purposes. This section of the Code is not even to be understood as putting counties on a footing of ordinary municipal corporations, such as cities and towns. They are created, and have special duties and special privileges, regulated by the charter of each, are sought for, and their charters may be forfeited, or lost by non-user, and the judgments of courts. But the counties are subdivisions of the State, imposed upon the people for State purposes. They are, in fact, but *quasi* corporations, and this section of the Code is not to be understood as conferring any powers, except the right to sue and be sued, since the other powers are all conferred and regulated by other statutes and provisions of the Code. Indeed the act of 1863-4 calls them corporations, or *quasi* corporations."

In the case of *Hammond* v. *County of Richmond*, 72 *Ga.* 188, it was held that, "In cases where the statute provides for the liability of counties, a recovery may be had against them; as when no sufficient bond is taken to keep bridges in repair." In the case of *Smith* v. *Wilkes and McDuffie Counties*, 79 *Ga.* 125, an action was brought against two counties, alleging that they had constructed a bridge across a river which was the county line; that plaintiff had a mill upon the stream; and that the mill was damaged by obstructing the river, the damage resulting from placing in the river certain piers for the bridge, and from throwing in a great quantity of stones, thereby causing a raft to form, etc. Chief Justice Bleckley in the opinion says: "Besides, there is no statutory provision for any such action as this. The counties, to be liable in an action at law for damage done by those who construct or repair the pub-

lic roads or bridges, would have to be subjected to such action by statute. It is very improbable that a county can be sued in the superior court for the acts of the road-workers and overseers of roads if they turn water on adjacent lands by digging ditches or placing obstructions where they ought not. We can not suppose that there was any intention on the part of the framers of the constitution, to turn the citizens loose against the counties, without any statutory regulation, for all such causes of action as would be recognized by holding that anybody who, in behalf of the public, damages another's property, thereby subjects the county to answer for it." In the case of *County of Monroe* v. *Flynt*, 80 *Ga.* 489, Justice Blandford uses this language: "The liability of the county to be sued for damages is a statutory liability. There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law, and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute." See also *White Star Line Co.* v. *County of Gordon,* 81 *Ga.* 47.

What is above set forth shows what was the law of this State in reference to suits against counties when the Code of 1895 was adopted. In that code there is a section which declares that "A county is not liable to suit for any cause of action unless made so by statute." Political Code, § 341. This section is codified, as is shown by the note on the margin of the page on which the section appears, from the decisions of this court in the 72 and 79 *Georgia Reports*, cited supra. It is but a brief and concise statement of the law as it has been evolved by the decisions which have been alluded to. It is contended, however, that the restriction contained in this section upon the right to sue a county only applies in cases which arise from the negligent performance of a work which the county authorities are compelled by law to do; and that where the county authorities are engaged in doing an act about which they have a discretion either to do or not to do, the negligent performance of such work will render the county liable in damages to the party ag-

grieved. This contention can not be sustained. It is based upon a fallacy, that the county is liable in all cases unless it is declared not to be liable, and that the code declares it not to be liable in cases where the authorities are compelled by law to do the work which was the cause of the damage. The correct position is this, as fully appears from the decisions above cited: The county, being a political division of the State, is not liable to be sued, unless special authority can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies to bring the suit. The case of *Hammond* v. *Richmond County*, supra, seems to be directly in point on this contention, and controlling in the present case. The alleged cause of action there was the negligent management of the county chain-gang, which resulted in the plaintiff's injury. It seems to us that the language of the code is entirely free from ambiguity, and that the case is absolutely controlled by it, and we were inclined to dispose of the case by a brief ruling to this effect. The earnestness of counsel for plaintiff in error, in presenting his view of the case, has, however, impelled us to a close investigation of the authorities; but we can find nothing which in our opinion authorizes the bringing of such an action as that brought in the present case. In every case where a county has been held liable, except the case of *Smith* v. *Floyd County*, 85 *Ga.* 420, it has been by virtue of an act of the General Assembly authorizing the suit for the cause of action alleged. In the case last referred to it was held that, "Construing the constitution of 1877 and the code together, a right of action exists against a county for damaging private property for public uses in constructing the approaches to a county bridge, thereby elevating the roadway above an adjacent lot so as to hinder access to the lot from the road." Chief Justice Bleckley in the opinion distinguishes this case from the cases of *Smith* v. *Wilkes County*, and *County of Monroe* v. *Flynt*, supra, saying that the decisions made in those cases are not inconsistent with what is then decided, "inasmuch as the supposed causes of action involved in those cases were not within the terms of the constitution. The violation by a county of a constitutional right of the cit-

izen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit has been afforded by the legislature.",

*Judgment affirmed.    All the Justices concurring.*