## WOOD *v.* FLOYD COUNTY.

PER CURIAM. 1. Where a county owns a tract of land and quantities of stone and operates a quarry thereon, and has been engaged there for several years in crushing rock to be used in making and building the public highways of the county, it will be held to have been exercising governmental functions, and no liability will attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the county in respect to these governmental functions. It would not affect the public character of the officers, agents, or servants of the county, that a purely incidental profit might result to the county from its operation and management of the quarry, or because of a sale to the public of a portion of the stone crushed at said quarry.

2. In this case the county has no authority of law to engage in the business of crushing and selling rock to the public; and if its officers, agents, or servants undertake to do so, their acts are ultra vires, and no liability will attach to the county by reason of the non-performance or improper performance of such acts in such circumstances.

*All the Justices concur, except Russell, C. J., dissenting.*

No. 4810.   FEBRUARY 11, 1926.

The Court of Appeals certified (in Case No. 15953) the following questions, answers to which will be found in the headnotes.

"1. Where a county owns a tract of land on which are large quantities of stone, and 'owns and operates a quarry on said premises and has rock thereon and a rock crusher, and has for

---

Counties 15 C. J. p. 419, n. 98; p. 569, n. 63; p. 570, n. 72.

several years been crushing great quantities of rock at said quarry, which rock has been taken from said premises for the purpose of making crushed stone to be used in making and building the public highways of said county, and for the purpose of placing same on the market to be sold to the general public,' does the fact that the county used some of the crushed stone 'for the purpose of placing same on the market to be sold to the general public,' and 'also used said rock quarry and operates said crusher for the purpose of crushing rock into fine material for commercial purposes,—that is, that said county is engaged in the manufacturing and grinding of rock into substance for commercial purposes, and that said county, after so manufacturing and grinding said rock into fine substance, places same at the time hereinafter complained of so engaged in the manufacture and sale of said products so made from the grinding of stone and material taken from the premises aforesaid,' change the rule that where a quarry is operated for the purpose of furnishing ground stone to be used by the county solely in building and making its roads, the county would be exercising governmental functions, and no liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the county in respect to these governmental functions? Or would the facts above stated change the general rule and make the duty of the county to maintain the quarry in a reasonably safe condition for the use of its employees a ministerial one, for the breach of which the county would be liable?

"2. Where a county owns a rock quarry and a crusher, as stated in the preceding question, and is operating the same for the purpose of providing crushed stone for use on its roads, and 'for the purpose of placing the same on the market to be sold to the general public,' and is using as laborers in said quarry members of the county chain-gang, is the county liable for damages resulting from injuries received by a member of said chain-gang, caused by a heavy stone falling 'on the top of his head,' where he is working under the direction of an agent and employee of the county, who 'had the operation of said quarry in charge for said county, and who had the custody and control of' said convict for said county, and who 'compelled' said convict to go into the dangerous place in·said quarry where he was injured as here-

inbefore stated, said convict having 'no discretion whatever as to whether he should go, or when, but being bound and compelled to obey the orders of said guard, or else be subjected to severe corporal punishment'?"

*Porter & Mebane,* for plaintiff.

*Nathan Harris* and *Graham Wright,* for defendant.

GILBERT, J, concurring. In *County of Monroe* v. *Flynt,* 80 *Ga.* 489, 490 (6 S. E. 173), it was said: "The liability of the county to be sued for damages is a statutory liability. There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute." The ruling there made was followed in *White Star Line Co.* v. *County of Gordon,* 81 *Ga.* 47 (7 S. E. 231), where it was said, after citing the aforesaid case: "We recognize the doctrine that a county is not subject to suit unless there is some statutory provision which renders it subject." This was a suit for damages by a steamboat company, based upon the detention of one of their steamers on the Oostanaula river. The court pertinently said: "The county could not detain a steamer upon the Oostanaula river in a way to create a cause of action against the county for it. There is no statutory provision subjecting counties to actions for detaining steamers or craft of any kind upon the water; and whether they do it by means of bridges or other obstructions, there is no redress for it against the county. Indeed the county can not do it, because there is no agency recognized by the law to represent the county in detaining steamers and committing torts of this character." So it may be said in this case, there is no law authorizing the County of Floyd to enter into a commercial enterprise. The law does not create any agency by which the county may do this as a county, and therefore the county as such can not commit a tort. In order to make the county liable for such unauthorized enterprise there must be express statutory authority, and it is not claimed that such authority exists. Our Civil Code (1910), § 384, provides: "A county is not liable to suit for any cause of action, unless made so by statute." Language could not be broader or more comprehensive, or more free

from doubt. The code embodying this section has been enacted into law by the General Assembly, and the section has the force of a statute. When it says the county shall not be liable for any cause of action, it expressly negatives the idea of exceptions other than provided therein, to wit, "unless made so by statute." In *Hammond* v. *County of Richmond,* 72 *Ga.* 188, it was held that "the county is not responsible in damages for the tort of one of the guards, in unlawfully beating a convict in the chain-gang, nor for the negligence of the rest of the guards in not protecting the convict from the unlawful beating." While it may be readily inferred that the denial of liability on the part of the county was on the theory that the tort was committed by the agents of the county in the exercise of a governmental function, the decision itself does not take occasion to so state. Certainly there is nothing in that decision which, by construction, would modify or limit the code section. In *Smith* v. *Wilkes and McDuffie Counties,* 79 *Ga.* 125 (4 S. E. 20), the action was against the two counties, alleging that they had constructed a bridge across Little River, a stream dividing the counties, that the plaintiff had a mill upon the stream, and that the mill was damaged by obstructing the river with certain pieces of bridge-timbers and the throwing in of great quantities of stone, thereby causing a raft to form. The only thing decided in the case was that the construction of the bridge was done by a contractor, the contract having been duly made as required by statute, and that if any one was damaged, as claimed in the petition, the counties were not liable, because there was "no statutory provision for any such action." In the opinion it was said: "It would seem altogether more reasonable to hold that, if one person damage another for the use of the public, the person who inflicted the damage should be responsible, and not the public, though benefited." There are a number of cases in which this court has held that counties were not liable, because not expressly made so by statute. *Talbot County* v. *Mansfield,* 115 *Ga.* 766 (42 S. E. 72); *Harris County* v. *Brady,* 115 *Ga.* 767 (42 S. E. 71); *Seymore* v. *Elbert County,* 116 *Ga.* 371 (42 S. E. 727); *Paxton* v. *Berrien County,* 117 *Ga.* 892 (45 S. E. 266). And also see *Brunson* v. *Caskie,* 127 *Ga.* 502 (56 S. E. 621, 9 L. R. A. (N. S.) 1002), where it was held that a county could not be compelled by man-

damus to levy a tax to pay a judgment already rendered against it, where the judgment was rendered on a cause of action for which the county was not liable. In the case of *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577), Mr. Justice Cobb elaborately discussed the liability of counties and code section 384, in the light of all previous legislation and of previous cases decided by this court. He demonstrated that a county is not liable whether it has departed from the line of duty imposed upon it expressly by law, or whether it has departed therefrom and entered upon other enterprises commercial in character and wholly unauthorized, unless there is a statute expressly making such liability. In the opinion in the *Millwood* case Mr. Justice Cobb discussed the statutory creation of counties, in which they are made bodies corporate, with power to sue and be sued, and also the statute making all inhabitants of the State competent jurors in cases where counties are parties. Referring to the latter statute, the inquiry is made: "Does this section impose a liability upon a county to be sued in all cases where ordinary corporations are so liable under the law? Or is it simply a declaration that a county may be sued, but the right to sue is limited to those cases only where the General Assembly has given the permission? This question was presented to this court in the case of *Scales* v. *Ordinary of Chattahoochee County,* 41 *Ga.* 225. Judge McCay, speaking for himself and Chief Justice Brown, there said: ' Counties, as corporations, stand upon an entirely different footing. They are, as we have said, mere subdivisions of the State. . . The State is never suable except by express enactment, and this is also true of subdivisions of the State. They are parts of the sovereign power, clothed with public duties which belong to the State, and for convenience divided among local organizations. We are the more clear in this view of the law, from the fact that the Code provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair. . . It seems to us that the declaration of the Code, that the county shall be liable in these two cases, is a strong legislative intimation that it was not liable in other cases.' . . In *Dent* v. *Cook,* 45 *Ga.* 323, Judge McCay uses this language. 'The county, it is true, is a corporation. Code, section 525. But this is only for certain specific purposes. This section

of the Code is not even to be understood as putting counties on a footing of ordinary municipal corporations, such as cities .and towns. They are created, and have special duties and special privileges, regulated by the charter of each, are sought for, and their charters may be forfeited, or lost by non-user and the judgments of courts. But the counties are subdivisions of the State, imposed upon the people for State purposes.'" Coming to the section now embraced in the present code, "A county is not liable to suit, unless made so by statute." Mr. Justice Cobb says: "It is but a brief and concise statement of the law as it has been evolved by the decisions which have been alluded to. It is contended, however, that the restriction contained in ·this section upon the right to sue a county only applies in cases which arise from the negligent performance of a work which the county authorities are compelled by law to do; and that where the county authorities are engaged in doing an act about which they have a discretion either to do or not to do, the negligent performance of such work will render the county liable in damages to the party aggrieved. This contention can not be sustained. It is based upon a fallacy, that the county is liable in all cases unless it is declared not to be liable, and that the code declares it not to be liable in cases where the authorities are compelled by law to do the work which was the cause of the damage. The correct position is this, as fully appears from the decisions above cited: The county, being a political division of the State, is not liable to be sued, unless special authority can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies to bring the suit."

When public officers, in discharging duties imposed upon them by law, undertake other duties not imposed by law, although intending it to be a benefit to the public, the latter, as represented by county governments, can not be made responsible for torts or ultra vires contracts. Suppose such unauthorized enterprise. should result injuriously to the public, instead of beneficially, it could not be held that for this reason the county is not liable. Liability can not be made to rest upon whether the enterprise is successful. The test is rather whether the county has been expressly made liable. If not so, it can not be sued. No

statute was necessary to relieve counties from liability for any act. That was an inheritance from common law, and the exception is only made by express enactment.

For an able and comprehensive discussion of the principles involved herein, as applied to municipal corporations, reference is made to *Cornelisen* v. *City of Atlanta,* 146 *Ga.* 416 (91 S. E. 415).