## 15953. WOOD *v.* FLOYD COUNTY.

BLOODWORTH, J. Questions certified by this court to the Supreme Court of Georgia in this case were answered by that court as follows: "1. Where a county owns a tract of land and quantities of stone and operates a quarry thereon, and has been engaged there for several years in crushing rock to be used in making and building the public highways of the county, it will be held to have been exercising governmental functions, and no liability will attach to the non-performance or. improper performance of the duties of the officers, agents, or servants of the county in respect to these governmental functions. It would not affect the public character of the officers, agents, or servants of the county that a purely incidental profit might result to the county from its operation and management of the quarry, or because of a sale to the public of a portion of the stone crushed at said quarry. 2. In this case the county has no authority of law to engage in the business of crushing and selling rock to the public; and if its officers, agents, or servants undertake to do so, their acts are ultra vires, and no liability will attach to the county by reason of the non-performance or improper performance of such acts in such circumstances." For full opinion of the Supreme Court see 161 *Ga.* 743 (131 S. E. 882).

Under the foregoing rulings the judge of the trial court did not err in sustaining the demurrer and dismissing the case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 12, 1926.

Action for damages; from Floyd superior court—Judge Wright. September 24, 1924.

*Porter & Mebane,* for plaintiff. *Nathan Harris,* for defendant.