24017. McLEOD *v.* PULASKI COUNTY *et al.*

DECIDED JANUARY 11, 1935.

*H. E. Coales,* for plaintiff.

*D. C. Chalker, H. F. Lawson,* for defendants.

MacINTYRE, J. Fletcher McLeod brought an action against Pulaski County, Blue Spring Consolidated School District, and D. R. Pearce as superintendent of schools of Pulaski County, to recover damages arising out of a collision between the automobile in which he was riding and a school bus or truck. Pulaski County demurred to the petition generally, upon the ground that it set out no cause of action, and the other two defendants demurred both generally and specially, one of the grounds of their demurrer being that there was a misjoinder of parties defendant. The court sustained these demurrers and dismissed the petition, and the plaintiff excepts to this judgment.

The petition alleges that "D. R. Pearce, Esq., as county school superintendent of the public schools of Pulaski County, who in such capacity is named defendant herein and as such is charged with the duty of employing school trucks or buses to transport children to and from the consolidated school districts of said county, . . is further charged with the duty and responsibility of having said children so transported in safety;" that, acting in said capacity, said Pearce "employed G. D. Bigbee for the scholastic year embracing the month of January, 1933, to transport the school children to and from their homes in Blue Spring Consolidated School District in Pulaski County, Georgia, which said employment said Bigbee accepted and was engaged in the duties of his employment on or about the 9th day of January, 1933;" that on said date "your peti-

tioner was proceeding south on the . ·. Dixie Highway . . at a speed not exceeding thirty miles an hour, driving a Buick Coupé, when, . . at the intersection of a road crossing said public highway at right angles, a school truck driven by G. D. Bigbee, aged fourteen years, the son of G. D. Bigbee, suddenly came in on this side of the road at a rate of speed exceeding forty miles an hour, and, despite the effort of your petitioner to avoid the collision by turning to the left as far as he could, the said truck dashed into him, knocking his car into a ditch on the left side of the road . . , which collision resulted in damages and injuries hereinafter set forth;" that "your petitioner is advised and believes that D. R. Pearce, superintendent of schools as aforesaid, employed the father of the youthful driver of the bus . . and that the County of Pulaski or some of its political divisions are responsible therefor;" that "the superintendent of the schools of the county, the County of Pulaski, and Blue Spring Consolidated School District were grossly negligent in allowing a mere boy to drive a school bus in which were riding a number of school children;" that "petitioner names as defendants in this suit the County of Pulaski, Blue Spring Consolidated School District, and the superintendent of the public schools of Pulaski County;" and that "petitioner is without fault, and . . the wantonness and recklessness of the driver of the school truck caused the collision, the injuries, and the damages."

"A county is not liable to suit for any cause of action unless made so by statute." Civil Code (1910), § 384. "And this is true whether the alleged cause of action arises from the negligent performance of duties which the county authorities are compelled to perform, or a negligent discharge of duties voluntarily assumed in the exercise of a discretion vested in them by law." *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577). In the unanimous decision cited, the Supreme Court considers the question under consideration ably and at length. See also *Wood* v. *Floyd County,* 161 *Ga.* 743, 747 (131 S. E. 882) ; *Decalur County* v. *Townsend,* 46 *Ga. App.* 103 (166 S. E. 774). Under the foregoing authorities Pulaski County was not liable to suit, and the court properly sustained its general demurrer.

Our "Code of School Laws" appears in the acts of 1919 (Ga. L. 1919, 288-363; Michie's (1926) Code of Georgia, §§ 1551 (1), et seq.) Section 93 of said act, which is section 1551 (100) of said

code, reads: "Whenever the County Board of Education deems it for the best interest of the school, they shall have the right to provide means for the transportation of the pupils and teachers to and from said school." We find nothing in the act or elsewhere which authorizes or permits the school superintendent to exercise the authority vested by the above section in the County Board of Education. We therefore hold that D. R. Pearce as superintendent of schools of Pulaski County was not "charged with the duty of employing school trucks or buses to transport children to and from the consolidated school districts of said county," and that he was not subject to suit as school superintendent in this case.

We are likewise of the opinion that, since the law vests the authority to "provide means for the transportation of the pupils and teachers to and from said school" in the County Board of Education, and not in the school districts, no liability in this action attaches to the Blue Spring Consolidated School District. Under the decision in the case of *Ty Ty Consolidated School District* v. *Colquitt County,* 153 *Ga.* 426 (112 S. E. 561), a school district "is such a body corporate under the law that it may be sued, where it has incurred a liability under the law." Our view is that the Blue Spring Consolidated School District did not incur a liability under the law, for the reason that it was without authority to provide for the transportation of the children.

We hold that the trial judge did not err in sustaining the general demurrers of the several defendants and dismissing the case.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*