22865.   SIZEMORE et al. v. COKER.

Argued March 8, 1965—Decided April 8, 1965.

*William L. Preston, Terrell W. Benton, Jr., Webb & Fowler,* for plaintiffs in error.

*Hancock & Wilbanks,* contra.

DUCKWORTH, Chief Justice. By their pleadings in the justice court the plaintiffs in error challenged the jurisdiction of the justices upon a number of grounds, one of which was that the statute (*Code* § 72-201) under which the court was undertaking to act was in conflict with Art. VI, Sec. VII, Par. II of the Constitution of 1945 (*Code Ann.* § 2-4202), and is therefore void. Prior to the Constitution of 1868 jurisdiction of justice of the peace courts was fixed by statute, and by that Constitution their jurisdiction was fixed over "all civil cases where the principal sum claimed does not exceed one hundred dollars." Art. V, Sec. VI, Par. II, Const. of 1868; *Code of 1873* § 5104. Clearly the jurisdiction thus given included actions ex contractu and also actions ex delicto. Thus in 1833 the legislature, which had the authority to fix the jurisdiction of such courts could constitutionally enact Ga. L. 1833 (Cobb, 817), now *Code* § 72-201, and that law was later in harmony with the 1868 Code. But in 1877 another Constitution was adopted, and as pointed out in *Blocker v. Boswell,* 109 Ga. 230 (34 SE 289), three amendments were offered and debated. They were: (1) Leave the fixing of jurisdiction to the legislature; (2) Retain the broad jurisdiction conferred by the Constitution of 1868; and (3) Add the following, "and in cases of trespass or injury to personalty." The first two amendments were rejected, and the third was, in substance, adopted. Thus is revealed a deliberate intent to limit such courts to jurisdiction as therein provided to actions ex contractu and actions for injury or damage to personal property not exceeding $100 in amount. Code of 1933, § 2-3502. That the jurisdiction was by the Constitution thus limited was ruled in *Williams v. Sulter,* 76 Ga. 355; *The White Star Line Steamboat Co. v. County of Gordon,* 81 Ga. 47 (7 SE 231); *Dorsey v. Mil-*

*ler,* 105 Ga. 88 (31 SE 736) ; as well as *Blocker v. Boswell,* 109 Ga. 230, supra.

With the exception that to the words, "injury or damages," were added, "and conversion of personal property," Art. VI, Sec. VII, Par. II of the 1877 Constitution (*Code* § 2-3502) was placed in Art. VI, Sec. VII, Par. II of the 1945 Constitution (*Code Ann.* § 2-4202). The jurisdiction of justice of the peace courts is thus constitutionally restricted to civil cases arising ex contractu and cases of injury or damage to and conversion of personal property, with a limitation of the amount to $200 maximum. Obviously therefore, jurisdiction to abate a nuisance as provided in *Code* § 72-201 under which this action proceeded is expressly denied the justices of the peace courts. That statute being in irreconcilable conflict with the 1945 Constitution, it is void. Only existing laws consistent with that Constitution, by its terms, remained of force after its adoption. *Code Ann.* § 2-8003; Const. of 1945, Art. XII, Sec. I, Par. III. It follows that the trial court erred in overruling the grounds of certiorari complaining of the jurisdiction of the lower court and in entering a final judgment in favor of the petitioner in the lower court abating the alleged nuisance.

*Judgment reversed. All the Justices concur.*