27202.   LOWNDES COUNTY v. DASHER et al.
27203.   STEELE v. DASHER et al.

JORDAN, Justice. A Lowndes County grand jury, citing *Code* § 92-5106, imposed a penalty of $1,028.59, 1% of the delinquent taxes due on August 30, 1970, per report of the County Auditor, on the Lowndes County Tax Commissioner. The State Revenue Commissioner, citing *Code* § 92-5501, issued execution, adding to the penalty an additional 20% for failure to pay, as provided under *Code* § 92-5106, plus 7% per annum interest until paid. Dasher, the Tax Commissioner, sought injunctive and other relief, including a motion to expunge the records of the grand jury presentments relative to imposition of the penalty.

The trial judge declared the presentments void and of no effect, and ordered certain language of the presentments expunged from the records. Lowndes County and Steele, the foreman of the grand jury, appeal from this order. *Held:*

1. Lowndes County insists on appeal that the trial judge should have dismissed the claim in respect to the county as a party for lack of jurisdiction of the court to entertain a claim of this nature against the county. If this contention be valid, it would follow that the order is, in respect to the county, a nullity.

"The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." *Code* § 110-709. Also, see *Code Ann.* § 81A-160 (a).

A county is a body corporate with such powers as may be prescribed by law. Art. XI, Sec. I, Par. I, Constitution of 1945 (*Code Ann.* § 2-7801). As a body corporate it may sue or be sued. *Code* § 23-1501. But it is not liable to suit for any claim unless made so by statute. *Code* § 23-1502. "The county, being a political subdivision of the State, is not liable to be sued, unless special author-

ity can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies." *Millwood v. DeKalb County,* 106 Ga. 743, 747 (32 SE 577).

After extensive research and a study of the records and briefs we find no authority expressly or by implication which authorizes the plaintiff to bring the present action against Lowndes County. Accordingly, we conclude that the trial judge was without authority to act in respect to Lowndes County as a party defendant except to order dismissal of the claim. This being controlling in respect to Lowndes County, it is unnecessary to consider the remaining enumerations of error in Appeal No. 27202.

2. The foregoing, however, does not invalidate the order in respect to Steele, the foreman of the grand jury which made the presentments which the order purports to nullify, who, as a party defendant in the lower court, has standing to appeal the order under *Code* § 6-901, as amended (Ga. L. 1965, pp. 18, 40). We thus proceed to a consideration of the errors asserted in Appeal No. 27203.

3. It appears to be uncontroverted that the Tax Commissioner was not served with any proposed presentments or allowed to appear before the grand jury, but contrary to the opinion of the trial judge the Tax Commissioner of Lowndes County is not a State official who, under the statutory provisions set forth in *Code Ann.* § 40-1617 is entitled to the rights set forth in *Code Ann.* § 89-9908, and the presentments were not void for failure to comply with these statutory provisions. Under these statutes before an indictment charging any State official shall be laid before a grand jury charging misfeasance or malfeasance in office (and here there was no indictment) the official is entitled to be served with a copy of the proposed indictment and to appear with counsel before the grand jury and present evidence, including a sworn or unsworn statement.

It is clear that the General Assembly had authority to consolidate the offices and duties of tax receiver and collec-

tor in any county in one official, "to be known as county tax commissioner." Art. XI, Sec. III, Par. I, Constitution of 1877, as amended (former *Code* § 2-8401). The General Assembly, acting pursuant to this authority, consolidated the offices and duties in Lowndes County in one official, to "be known as 'Lowndes County Tax Commissioner.' " Ga. L. 1931, pp. 518, 519. That a tax commissioner is a county officer is implicit from the placement and language in the Constitution of 1877, as amended, supra, and the same authority under Art. XI, Sec. I, Par. VI of the Constitution of 1945 (*Code Ann.* § 2-7806). See *Houlihan v. Saussy,* 206 Ga. 1 (55 SE2d 557); *Laurens County v. Keen,* 214 Ga. 32 (102 SE2d 697).

4. This court finds no basis to support the conclusion of the trial judge that the presentments were void. Here the grand jury acted pursuant to specific statutory authority, and the presentments reflect nothing more than the action of the grand jury pursuant to its authority under *Code* § 92-5106 plus additional statements in explanation and support of its action. The case as here disclosed does not come with the rule expressed in *Kelley v. Tanksley,* 105 Ga. App. 65 (123 SE2d 462), relative to the right of a public officer to have remarks charging or casting reflections of misconduct or impugning his character expunged from the record in the absence of express statutory authority, except by presentment or true bill of indictment charging a specific offense.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972—

REHEARING DENIED JUNE 28, 1972.

*H. Arthur McLane, McLane & Dover,* for Lowndes County.

*George A. Horkan, Jr., District Attorney,* for Steele.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers,*

*Gary B. Andrews, Assistant Attorneys General, Jim T. Bennett, Jr.,* for appellees.