49717, 49718. THIBADEAU v. THIBADEAU; and vice versa.

DEEN, Judge.

Janet Thibadeau, a resident of Ventura County, California, brought an action under the Uniform Reciprocal Enforcement of Support Act against her former husband, a resident of DeKalb County, Georgia, which was tried in the Superior Court of DeKalb County. Two children are, under a separation agreement, made a part of the divorce decree, in the custody of the mother, with agreement by the father to pay a stated amount of child support. After hearing evidence the Georgia court entered rulings which are the subject of the appeal and cross appeal. *Held:*

1. In a reciprocal support action as in the Uniform Support of Dependents Act, the "sufficiency of the petition as against the defendant's objections must be determined under the rules of law of this State, rather than the law where the action originated." See *Manis v. Genest,* 210 Ga. 16 (1) (77 SE2d 525). The right of action here is entirely dependent upon statute. Code Ann. § 99-910a requires that the petition "shall state the name and, so far as known to the plaintiff, the address and circumstances of the defendant *and his dependents for*

*whom support is sought."*(Emphasis supplied.) One of the enumerations of error in case No. 49718 is that Code Ann. § 99-910a was not complied with. The question of address was raised on the hearing, and the Georgia court called for information as to the plaintiff's address, but her attorney stated he did not know it and it was not available to him. Code Ann. § 81A-104 (b) requires the plaintiff's address only if that of the attorney is not given; whether or not general rules of pleading would be given consideration in this statutory uniform reciprocal procedure, it obviously does not affect this case. The Act does, however, set out certain requirements for the sufficiency of a petition forwarded by the initiating state to a Georgia court where Georgia is the responding state, and one of those requirements is that it contain the address of the dependents for whom support is sought. The statement in the petition that the residence of the dependents is "with plaintiff" and that the plaintiff's residence is Ventura County, California is a sufficient statement of venue, but it is not an address. An address is a "direction for guidance as to a person's abode; the name or place of destination, with any other details necessary for the direction of a letter or package." 1 CJS p. 1460. The court of the responding state has a right to this information. Where, as here, the statute puts an obligation on the plaintiff to furnish it, and the court is desirous of obtaining it, the proper procedure would have been to grant a continuance for the purpose of giving an opportunity to amend the pleadings. The third enumeration of error in case No. 49718 is meritorious.

2. After a hearing in which both sides were represented, the court ordered the defendant to pay $100 per month (a sum authorized by the evidence and also identical with the support feature of the prior Georgia decree of divorce) to the DeKalb County Adult Probation Office, under the authority of Code Ann. § 99-922a (b). Upon receipt of such payments it is the duty of the probation department acting for the court of the responding state "to transmit the same forthwith to the court of the initiating state." Code Ann. § 99-923a (a). However, the court conditioned the payment as follows: "The chief probation officer is hereby ordered to hold any

and all such payments and not forward same during any period of time in which the exact location and address of the petitioner and said minor children has not been made known by the appropriate authorities of Ventura County, State of California, to this Court." This court has no control over the processes of the court of the initiating state, nor of Ventura County or its administrative offices, and cannot compel its cooperation beyond the bounds of the substantially similar terms of the reciprocal law. For discussion of the law generally, see Support — Reciprocal Enforcement, 42 ALR2d 768 et seq. The duties of California are those set out in its own statutes pertaining to the initiating state, and they cannot be compelled by the courts of Georgia. Accordingly, the second enumeration of error in case No. 49717 is well taken.

3. Code Ann. § 99-928a of the URESA provides: "Participation in any proceedings under this Chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." Thus, it was held under the equivalent Florida statute that a parent in the responding state could not maintain a counterclaim for divorce. "The whole purpose of the law is to require a respondent husband to support his dependents, and the Legislature could never have intended that a state attorney of this state, a public prosecuting official, who represents the dependents in such a proceeding, should be transformed into an attorney representing a private client in a divorce suit." Blois v. Blois, 138 S2d 373, 374. We agree that the statute precludes counterclaims based merely on the theory that the plaintiff, by initiating the procedure on behalf of the named dependents, has submitted herself to the jurisdiction of the court of the responding state for other purposes. On a change of custody proceeding the court has "lost jurisdiction of the res" after the children and the spouse having custody become domiciled in another state. *Van Gorder v. Van Gorder,* 227 Ga. 255, 256 (179 SE2d 750). After the divorce decree becomes final, in any event, one seeking to modify a custody decree must bring a new petition for that purpose. *Martin v. Hendon,* 224 Ga. 221 (160 SE2d 893). It follows that the fact that the Superior Court of DeKalb County was the court in which

the divorce was originally rendered, and custody of the children by agreement placed in the mother, gives no jurisdiction to that court to proceed with a change of custody proceeding where the mother and children are now domiciled in California, and such jurisdiction cannot be obtained merely by the filing of the support action. Insofar as the father has lost visitation rights by reason of the fact that the mother and children have removed from the jurisdiction, Georgia law establishes that nonpayment of support money cannot be justified merely because portions of the divorce decree relating to visitation rights have not been observed. *Griffin v. Griffin,* 226 Ga. 781 (3) (177 SE2d 696). Those paragraphs of the defendant's answer seeking to justify nonpayment of support money on the basis that the removal to California had in effect deprived him of visitation rights, and seeking to counterclaim for custody on the basis of a change of condition (this includes paragraphs 13, 16, 18 and 21) and to interpose loss of visitation rights as a defense to the support action, should have been stricken on motion. Objections to other paragraphs of the answer setting up attempts on the part of the defendant to locate the whereabouts of the children were properly overruled.

*Judgment reversed on main appeal, and on cross appeal. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED OCTOBER 11, 1974 — REHEARING DENIED OCTOBER 24, 1974.

*Richard Bell, District Attorney, Edward H. Kellogg, Jr.,* for appellant.

*Harrison, Martin, Childs & Foster, Mobley F. Childs, John R. Grimes,* for appellee.