52510. BALASCO v. COUNTY OF SAN DIEGO.

484

ARGUED SEPTEMBER 13, 1976 — DECIDED NOVEMBER 18, 1976.

*Harris & Martin, R. Britt Harris, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Jesse L. Echols, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge.

1. "[W]here a non-resident voluntarily institutes a suit in the State, he submits himself, for all purposes of that suit, to the jurisdiction of the courts in the county in which the suit is pending. . ." *Harrison v. Lovett,* 198 Ga. 466, 469 (31 SE2d 799). As a general proposition this is true; initiation of URESA proceedings stands on a special footing however by virtue of Code Ann. § 99-928a: "Participation in any proceedings under this Chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." We had first occasion to construe Code Ann. § 99-928a in *Thibadeau v. Thibadeau,* 133 Ga. App. 154, 156 (210 SE2d 340) and concluded ". . .that the statute precludes counterclaims based *merely* on the theory that the plaintiff, by initiating the [URESA] procedure on behalf of the named dependents, has submitted herself to the jurisdiction of the court of the responding state for other purposes." (Emphasis supplied.) The holding in *Register v. Kandlbinder,* 134 Ga. App. 754 (216 SE2d 647) is to the same effect.

The appellant argues that unlike the counterclaims in *Thibadeau* (divorce) or *Register* (custody), the basis for

his counterclaim is not *merely* that the appellee has instituted URESA proceedings against him in Georgia but rather is based upon the fact that *by so instituting* the second action, the County of San Diego has committed a "tortious act" in this state, to wit, malicious abuse and misuse of process. The argument is that unlike *Thibadeau* and *Register* where jurisdiction over the counterclaims were merely secondary or ancillary to the URESA proceedings this case has its primary basis in the fact that the second institution of URESA proceedings was itself a tort.

The clear purpose of URESA is to improve and extend by reciprocal legislation the enforcement of the duties of support. Code Ann. § 99-902a. To this end we have no doubt that Code Ann. § 99-928a provides a nonresident petitioner immunity from the jurisdiction of the responding state's courts if the URESA procedures have been invoked for its legitimate ends — the enforcement of the duties of support. *Thibadeau* and *Register* were cases in which there was no question but that URESA was invoked to accomplish these ends and consequently the extraneous counterclaims were properly dismissed under Code Ann. § 99-928a. We do not believe however that § 99.928a provides a petitioner under URESA with blanket immunity from a jurisdictional exercise by the respondent state's court. There must be some balancing between a petitioner's right to proceed against a respondent without a concomitant submission to the forum's jurisdiction under Code Ann. § 99-928a and a respondent's freedom from judicial harassment by a nonresident's abuse of the provisions of URESA.

We believe that this threshold is reached when the institution of URESA proceedings results in the implication of a tort upon the respondent. In such a case jurisdiction would not be *merely* ancillary to the petitioner's initiation of URESA proceedings but rather would be based upon the commission of a tortious act in this state. Code Ann. § 24-113.1 (b). To hold that Code Ann. § 99-928a gives a nonresident absolute immunity to institute URESA proceedings against a resident petitioner without *ever* being subject to the forum's

jurisdiction would have the inequitable result of providing such petitioner with both the "weapon" of invoking the URESA provisions and the "shield" of absolute jurisdictional immunity while leaving the respondent unarmed and defenseless to unwarranted abuses of an otherwise laudatory legal process. In short, "proceedings" are not "proceedings" under § 99-928a when they are a tort upon a resident respondent.

2. Having decided that Code Ann. § 99-928a does not give blanket jurisdictional immunity, we turn to the question of whether the appellant's counterclaim states a cause of action in tort against the County of San Diego. We note at the outset that this court does not look with favor upon the harassment of residents of this state by nonresident litigants in our courts, be they individuals or governments. Code Ann. § 99-908a clearly gives the appellee the right to institute URESA proceedings against an obligee who has not met his obligation of support; we find no authorization however for the URESA provisions to be used to force a respondent to meet this obligation other than under the terms of a valid court order. By instituting the second URESA proceedings against the appellant and tracking the exact language of the first dismissed petition we cannot but express our own belief that the County of San Diego had motives other than the enforcement of the appellant's duty to support his minor offspring; considering the evidence, the appellant's argument, that the second petition was filed in order to force him to pay support to the appellee's department of revenue and recovery rather than directly to his ex-wife as required under court order, is not without credibility.

The allegations of the counterclaim are that the County of San Diego has committed the torts of malicious use and malicious abuse of process in this state by causing URESA proceedings to be instituted in Fulton Superior Court for a second time when it knew that he was not in breach of his duty of support. Since the alleged wrong occurred in Georgia, the law of this state controls; the law of California has no application. *Ohio Southern Exp. Co. v. Beeler,* 110 Ga. App. 867 (140 SE2d 235). The question then as we perceive it is whether under the law of

Georgia the appellant's counterclaim states a cause of action for malicious use and malicious abuse of process.

And no matter how much we believe the record demonstrates reprehensible conduct on the appellee's part, it is a fact that it is a county of a sovereign state; "counties" are local subdivisions of the state, to which the state parcels its duty of governing people. *Hines v. Etheridge,* 173 Ga. 870 (162 SE 113). ". . . [A] State or its agency is not ordinarily subject to suit either in its own courts or in those of a sister State, one suing in this State a foreign State must allege facts that show a right to bring such suit." *Florida State Hospital for the Insane v. Durham Iron Co.,* 194 Ga. 350, 355 (21 SE2d 216) and cits. " 'The county, being a political subdivision of the State, is not liable to be sued, unless special authority can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies.' *Millwood v. DeKalb County,* 106 Ga. 743, 747 (32 SE 577)." *Lowndes County v. Dasher,* 229 Ga. 289 (191 SE2d 82). Not only is there a lack of legislative authority permitting an action such as was contemplated by the appellant's counterclaim, there is authority in the cases which precludes a successful cause of action against a county, the subdivision of the sovereign state, for malicious use and abuse of process. "The soverign State can not be charged with malice." *Askew v. Bassett Furniture Co.,* 172 Ga. 700 (158 SE 577). Such would also be the case with counties, which are ". . .parts of the sovereign power, clothed with public duties which belong to the State. . ." *Wood v. Floyd County,* 161 Ga. 743, 747 (131 SE 882). "Malice" is of course an essential element in a cause of action for malicious abuse of process, *Chamberlin Co. of America v. Mays,* 96 Ga. App. 755 (101 SE2d 728) and malicious use of process, *Ga. Veneer &c. Co. v. Fla. Nat. Bank,* 198 Ga. 591 (2) (32 SE2d 465); *Hester v. Dixie Finance Corp.,* 109 Ga. App. 204, 206 (135 SE2d 504).

3. Malice being an essential element of the appellant's counterclaim and the appellee-county not being chargeable therewith, the granting of summary judgment was proper. We expressly reserve for future consideration the question of whether under a similar set

of facts as appears in the record of this appeal an individual petition might be amenable to a counterclaim for malicious abuse and misuse of process.

*Judgment affirmed. Quillian, J., concurs. Webb, J., concurs specially.*

WEBB, Judge, concurring specially.

I find it unnecessary to consider the questions dealt with in Division 1 of the opinion since that division is mere surplusage. I understand from the last sentence of Division 3 that the questions decided in Division 1 are expressly left open.