A89A0247. TOSTENSEN v. THE STATE.
(379 SE2d 9)

BANKE, Presiding Judge.

While serving as the duly elected Clerk of the Superior Court of Glynn County, Georgia, the appellant was indicted by the Glynn County Grand Jury for three counts of theft by taking and one count of theft by conversion, based on allegations that he had unlawfully obtained or misappropriated funds belonging to the county. He moved to dismiss the indictment on the ground that the state had violated his rights under OCGA § 45-15-11 by failing to serve him with a copy of the indictment prior to its presentment to the grand jury, by not allowing him to be present during the grand jury proceedings, and by not allowing him to make a sworn statement at the conclusion of the state's presentation of its evidence to the grand jury. The trial court denied the motion, and the case is now before us pursuant to our grant of the appellant's application for an interlocutory appeal. At issue is whether the appellant is a "state official" within the contemplation of OCGA § 45-15-11. *Held*:

1. OCGA § 45-15-11 provides as follows: "Before an indictment charging any state official with misfeasance or malfeasance in office is presented to a grand jury, the rights provided in Code Section 45-11-4 shall be afforded said official and the district attorney of the county where the grand jury will convene shall notify the Attorney General of such contemplated action." The following are the rights provided in OCGA § 45-11-4: "A copy of the indictment shall be served on the defendant before it is presented to the grand jury. The accused shall have the right to appear before the grand jury and make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination,

either direct or cross, and shall not have the right individually or through his counsel to examine the witnesses. The accused and his counsel shall have the right to be present during the presentation of all evidence and statements of the accused on the proposed indictment, presentment, or accusation after which he and his counsel shall retire from the grand jury room."

In *Lowndes County v. Dasher,* 229 Ga. 289 (3) (191 SE2d 82) (1972), the Supreme Court held that where it was apparent from the language of the then-existing Constitution that the tax commissioner was a county officer, he could not be considered a state official within the contemplation of former Code Ann. § 40-1617, which was the predecessor to OCGA § 45-15-11. Under the present Georgia Constitution, the clerk of the superior court, judge of the probate court, sheriff, tax receiver, tax collector, and tax commissioner, where such office has replaced the tax receiver and tax collector, are specifically classified as county officers. Art. IX, Sec. I, Par. III, Ga. Const. of 1983. Under the authority of *Lowndes County v. Dasher,* supra, we accordingly hold that superior court clerks cannot currently be considered state officials within the contemplation of OCGA § 45-15-11.

We do not consider this court's decision in *Axson v. State,* 174 Ga. App. 236 (1) (329 SE2d 566) (1985), to be authority for a contrary holding. There, we concluded that a superior court clerk who had resigned his office prior to the presentment of an indictment against him was "no longer a state official and thus [was] not entitled to any of the procedures of OCGA § 45-11-4 and § 45-15-11." Id. at 236. Although it is possible to construe this language as an implicit holding that the clerk had been a state official before he resigned, we do not believe that issue was actually addressed. Rather, the court was merely saying that, even assuming the defendant had been a state official while serving as clerk, he was not entitled to the protection of the statute since he no longer held that position at the time the indictment was presented.

2. In view of the foregoing, we do not reach the issue of the state's contention that the indictment did not charge the appellant with malfeasance in office.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 22, 1989 — ▮

*John J. Ossick, Jr.,* for appellant.
*Glenn Thomas, Jr., District Attorney, Joseph L. Chambers, Spe-*

*cial Assistant District Attorney*, for appellee.