## S96A1561. RIERSGARD v. MORTON.
(479 SE2d 748)

THOMPSON, Justice.

In this case, stemming from a judgment domesticating a foreign divorce decree and holding the father in contempt for the nonpayment of child support, we must consider whether the trial court properly exercised personal jurisdiction over the father. We hold that it did not, and reverse the denial of the father's motion to set aside the judgment.

Daryl Riersgard and Lisa Morton were divorced in Virginia in 1990. Of their three minor children, Riersgard was given custody of one and Morton custody of the remaining two. The court ordered Riersgard to pay child support each month in addition to a $4,000 property settlement.

In 1995, Morton brought suit in Fulton County to domesticate the Virginia divorce decree and have Riersgard held in contempt for nonpayment of child support and failure to pay the property settlement. Riersgard was personally served with process in Nevada, where he lives, but he did not answer the complaint or appear in court. The superior court found that Riersgard was subject to in personam jurisdiction because he was personally served with process in Nevada. It then issued an order domesticating the Virginia divorce and holding Riersgard in contempt.

In response to the court's ruling, Riersgard moved to set aside the judgment for lack of personal jurisdiction averring that he had never resided or owned property in Georgia. Relying on the fact that Riersgard had filed a complaint pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), OCGA § 19-11-40 et seq., in Nevada, which was later transferred to Georgia, the court denied the motion and refused to set aside the judgment. In so doing, the court concluded that Riersgard "did not invoke the URESA procedure toward a legitimate end and is therefore not immune under OCGA § 19-11-72 from the exercise of jurisdiction by this court."[1]

---

[1] OCGA § 19-11-72 reads: "Participation in any proceedings under this article shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding."

We granted Riersgard's application for a discretionary appeal posing the question of whether the trial court erred when it found that Riersgard was subject to in personam jurisdiction in Georgia. We answer the question in the affirmative.

1. The trial court erred when it held that it had jurisdiction over Riersgard simply because he was served with process in his home state of Nevada. Jurisdiction in this case must be predicated on OCGA § 9-10-91 (5), which allows for long-arm jurisdiction over a nonresident in a child support case only if the nonresident once resided in Georgia. Since it is uncontroverted that Riersgard has never lived in Georgia, jurisdiction must fail. *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985).

2. Riersgard argues that the provision in OCGA § 19-11-72, conferring immunity from jurisdiction, applies in this case because he did not institute the URESA procedure toward an illegitimate end. He points out that (1) the URESA court ruled against him in the URESA proceedings because Morton's waiver of a portion of Riersgard's military pension fulfilled the child support obligation which the URESA court would have awarded; and that (2) although the URESA court found "gross discrepancies" between the evidence submitted by Riersgard and Morton, it did not find that Riersgard misused the URESA process.

In *Balasco v. County of San Diego*, 140 Ga. App. 482 (231 SE2d 485) (1976), the County filed a URESA claim which it later dismissed because it learned that the respondent had been paying support. Subsequently, the County filed another URESA complaint containing the same allegations as in the first suit. The respondent filed a counterclaim alleging malicious use of process, and the County asserted immunity based on OCGA § 19-11-72. The trial court dismissed the counterclaim for lack of jurisdiction over the County. The Court of Appeals affirmed, holding that the County was immune from suit because the County, as a part of a sovereign state, cannot be charged with "malice," an essential element of the tort. In so doing, however, the Court of Appeals observed that the County was not immune from suit based on URESA immunity. By instituting the second URESA action, the County had committed a tortious act and was subject to jurisdiction based on Georgia's long-arm statute, OCGA § 9-10-91 (2). The Court of Appeals reasoned that

> [t]here must be some balancing between a petitioner's right to proceed against a record respondent without a concomitant submission to the forum's jurisdiction under [OCGA § 19-11-72] and a respondent's freedom from judicial harassment by a nonresident's abuse of provisions of URESA. . . .
> We believe that this threshold is reached when the institu-

tion of URESA proceedings results in the implication of a tort upon the respondent.

*Balasco,* supra at 485.

In this case, unlike *Balasco,* there is no evidence whatsoever that Riersgard committed a tortious act in this state. In fact, the URESA court did not find anything other than conflicting evidence and did not place blame on either party. Because the record does not support a finding that Riersgard initiated the URESA proceeding for an illegitimate end, Riersgard is immune from jurisdiction under OCGA § 19-11-72.

3. Morton argues that because Riersgard availed himself of the Georgia courts in the URESA action, regularly speaks on the phone with his children who live in Georgia, and wrote letters to the URESA court judge, he has purposefully availed himself of the laws of Georgia and could reasonably expect to be haled into a Georgia court. Since we have held that Riersgard has immunity based on OCGA § 19-11-72 with regard to the URESA action, we only need to consider whether Riersgard's phone calls and letters subject him to personal jurisdiction in this state.

Jurisdiction cannot be conferred solely from the use of interstate communications because they are insufficient to rise to the level of "minimum contacts" necessary to confer jurisdiction. Holding otherwise would render state jurisdictional analysis moot, as every person who picks up the phone or a pen to communicate with a nonresident would subject themselves to the laws of the nonresident's state.

4. Riersgard was not subject to in personam jurisdiction in Georgia. It follows that the trial court erred in denying Riersgard's motion to set aside the judgment.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Davis, Matthews & Quigley, Richard W. Schiffman, Jr., Sylvia A. Martin,* for appellant.
*John R. Gaughen,* for appellee.